THEILACKER, Administrator, Appellant, vs. TIME INSUR-
ANCE COMPANY, Respondent.

*November 8—December 5, 1939.*

For the appellant there was a brief by *Paul, Ebert, Paul & Kuswa* of Milwaukee, and oral argument by *Harold H. Paul*.

For the respondent there was a brief by *Dougherty, Arnold & Kivett* of Milwaukee, and oral argument by *A. W. Kivett* and *Suel O. Arnold*.

MARTIN, J.   It appears that deceased paid an annual premium of $56.88 on the policy of insurance in question from July 30, 1930, being the date on which Anders attained the age of sixty-five years, through the succeeding years to June, 1936.   The insurance policy contains the following provisions:

"The insurance under this policy shall not cover any person under the age of sixteen years nor over the age of sixty-five years.   Any premium paid to the company for any period not covered by this policy will be returned upon request."

Appellant contends that the amount of the premiums paid during the period in question were so paid without consideration and should be returned in accordance with the provisions in said policy to that effect.   The respondent contends, (1) that it waived the provision in the policy as to age, (2) that it paid a claim to Anders in the sum of $66 on March 15, 1932, for a paralysis of the face as a result of illness, and (3) that the insured was estopped to assert that the policy was not in full force and effect.   Other contentions are made, but the view that we take of the issue upon this appeal renders references thereto unnecessary.

The case was tried in the civil court in a somewhat piecemeal fashion.   It appears that the case was tried in the civil court on September 29, 1938.   Findings of fact and conclu-

sions of law were filed October 5, 1938. The court found that deceased became sixty-five years of age on April 30, 1932. After the findings of fact and conclusions of law were entered, respondent moved to reopen the case to permit further evidence as to deceased's age. The case was reopened for further testimony and held open until November 17, 1938, on which date, on affidavit of one of the defendant's attorneys, an order to show cause was entered directing plaintiff to show cause why the proof of claim and evidence of the claim paid to Mr. Anders on March 15, 1932, should not be made a part of the record. It appears that on the return date of this order to show cause, the attorneys for the respective parties stipulated that the death certificate of Mr. Anders be received in evidence. The court denied defendant's motion to make the proof of claim and evidence of the claim paid to deceased on March 15, 1932, a part of the record. Thereupon the court made a new set of findings and conclusions of law wherein it found that Mr. Anders was born on July 30, 1865, and therefore attained the age of sixty-five years on July 30, 1930. The court further found "that while there may be some evidence of a payment for injury or illness made to Otto Anders after July 30, 1930, that there is no evidence and it is not proved that said payment was made for injury or disability which occurred after said policy expired by reason of said Otto Anders having attained the age of sixty-five years." The court further found that the respondent Insurance Company never waived or altered in any respect any of the terms of its policy, and that there was no evidence of a waiver or intention to waive any of the terms of said policy, and that the policy by its terms expired when Anders reached the age of sixty-five years on July 30, 1930.

The circuit court, in reversing the judgment of the civil court, said:

"Appellant's counsel argues that this court may well presume that the disability in question [in settlement of which

respondent paid Anders the sum of $66 on March 15, 1932] occurred after Anders was sixty-five. He bases that argument upon the policy provisions concerning the period allowed for making proof of loss and payment thereof.

"It is however considered here that where proof of a fact is so readily obtainable as was indicated by Mrs. Piehl's testimony at the trial, a conclusion should not be reached upon a presumption. The fact as to whether Anders accepted payment of a disability claim made by him for illness or disability, sustained by him after he attained the age of sixty-five years, is an important and perhaps a vital one in this case.

"In the interest of truth and justice such fact ought to be made known to the court. In order that such fact pertaining to said $66 disability claim may be ascertained it is necessary that further proceedings be had in the civil court (in the absence of a stipulation).

"Unless a stipulation be filed with the undersigned [circuit judge] within ten days after the date of this memorandum, which stipulation shall set forth the facts pertaining to said $66 disability claim, the judgment of the civil court appealed from must be reversed and the record remanded to the civil court with directions to reopen the case for the purpose of receiving evidence bearing on the matter of the said $66 disability claim paid by the defendant to Anders on March 15, 1932, particularly with reference to the time when such disability occurred, the duration thereof, the time when claim was made by Anders in respect thereof and other facts pertinent to said claim."

The appellant contends that the circuit court was without power to enter the order appealed from and, in support of his contention, cites sub. (3), sec. 28, ch. 549, Laws of 1909, under which the civil court was created, and cites a number of cases decided by this court as to the proper procedure on appeal to the circuit court from the civil court. However, counsel overlooks the fact that it was amended by sec. 2, ch. 399, Laws of 1935, relative to the procedure in such cases. The 1935 amendment reads:

"Upon an appeal from a judgment of the civil court to the circuit court, the circuit court may reverse, affirm or modify

the judgment, and in case of a reversal or modification the circuit court may enter such judgment as may be proper. Where, however, by reason of manifest prejudicial error in the trial of the action in the civil court any party thereto has not had a fair trial and where substantial justice cannot otherwise be done and the rights of the parties otherwise observed and protected, the judgment of the civil court shall be reversed, and the circuit court shall remit the case to the civil court for a new trial or further proceedings."

We think it clear that this statute authorizes the procedure followed by the circuit court in the instant case. The evidence sought to be obtained was relevant and material under the issues raised by defendant's answer. If such evidence disclosed that Mr. Anders made a claim and received payment for his disability arising subsequent to July 30, 1930, it would have a bearing on one of the principal issues in the case. The order made by the circuit court is one in the interest of justice:

"The granting of a new trial in the interest of justice is highly discretionary, and the supreme court will reverse such an order only in rare instances." *Besser v. Hill,* 224 Wis. 211, 271 N. W. 921, and cases cited.

We think the same rule applies to the order made by the circuit court in the instant case which reversed the judgment of the civil court and remanded the record with directions to reopen the case so as to permit the introduction of the evidence referred to in the order.

*By the Court.*—Order affirmed.