KOPERSKI, Respondent, vs. HOEFT, Appellant.

*December 6, 1922—January 9, 1923.*

*Automobiles: Collision with pedestrian: Negligence: Sufficiency.*

1. The mere fact that a pedestrian is injured by an automobile does not prove that the driver, who has equal rights with the pedestrian in the streets, is guilty of negligence, he being liable only when he has violated some duty required of him by law.
2. The evidence in this case is *held* insufficient to sustain a finding of the jury that the driver of an automobile which struck a pedestrian who was crossing a street at an intersection did not keep a proper lookout.

APPEAL from a judgment of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. *Reversed.*

The appeal is from a judgment affirming a judgment of the civil court of Milwaukee county.

Personal injury. Fond du Lac avenue in the city of Milwaukee runs northwesterly and intersects Thirteenth street, which runs north and south. At the intersection of Fond du Lac avenue, Thirteenth street jogs so that the west line of Thirteenth street north of Fond du Lac avenue is about opposite the east line of Thirteenth street south of Fond du Lac avenue.

It appears without dispute that the defendant was coming from the south on Thirteenth street with the intention of turning to the left and therefore to the northwest onto Fond du Lac avenue. The plaintiff, a foot traveler, was coming south on the west line of Thirteenth street north of

Fond du Lac avenue. It is also undisputed that the defendant as he turned out of Thirteenth street onto Fond du Lac avenue was compelled to stop his car; that he had only started it and had gone a few feet when the accident complained of occurred.

The issues were submitted to a jury and by special verdict the jury found:

1st. That defendant's automobile struck the plaintiff.

2d. That the defendant failed to keep a proper lookout as he approached and entered Fond du Lac avenue from Thirteenth street.

3d. That such failure to keep a proper lookout was the proximate cause of plaintiff's injury.

4th. That plaintiff was not guilty of contributory negligence; and

5th. Assessed plaintiff's damages at the sum of $700.

Plaintiff had judgment upon the verdict. The defendant appealed to the circuit court for Milwaukee county, and from the judgment affirming the judgment of the civil court the defendant appeals.

For the appellant there was a brief by *Schoetz & Williams* and *Alfred R. Gandrey,* all of Milwaukee, and oral argument by *Mr. Gandrey.*

For the respondent there was a brief by *Cannon, Bancroft & Waldron* of Milwaukee, and oral argument by *L. H. Bancroft.*

ROSENBERRY, J. There were no witnesses to the accident except the plaintiff and the defendant. All the evidence tending to show negligence on the part of defendant is the testimony of the plaintiff, which is as follows:

"When I got to Fond du Lac avenue I waited at the curb for my chance to cross. There was a machine about 100 feet to my left. I let that machine go by. Another machine turned in on Fond du Lac from Walnut so that gave me plenty of time to cross the street. It turned into Walnut from my left. It was over a half block away

Koperski v. Hoeft, 179 Wis. 281.

which gave me a chance to cross, and when I got as far as the first rail I looked to my right, and when I looked to my left I was blinded by the lights and I fell to the west. No signal of any kind was given."

We fail to find in this evidence any fact from which an inference of negligence on the part of the defendant may be drawn. He was in the street at a place where he had a right to be, with the lights upon his car lighted, his brakes in working condition, traveling at a very low rate of speed, having just stopped his car a few feet back when he is confronted with a man in front of his car. The plaintiff says he was struck by the car. The defendant says that plaintiff fell. Assuming, as was found by the jury, that the plaintiff was struck, we find no evidence of the failure of the defendant to do or perform any duty which he was required by law to do or perform. He violated no ordinance. He violated no rule of the road, and according to the undisputed testimony did everything that a man driving an automobile under the circumstances could do. Upon the happening of the accident the car was stopped almost instantly. The mere fact that a pedestrian is injured by an automobile does not prove that the driver of the automobile is guilty of negligence. The pedestrian and the driver of the vehicle have equal right in the streets, their relations are governed and their relative rights established by law and custom. Certainly before the driver can be made liable in damages it must be shown that he has violated some duty.

The jury found that the defendant did not keep a proper lookout. We find no evidence to sustain such a finding. The only possible support in the evidence for this finding is the fact that the plaintiff was struck. The evidence on the part of the defendant is that he was keeping a careful lookout. He had just crossed the line of travel, going southeasterly on Fond du Lac avenue; he was entering the line of travel on the street moving northwesterly; he was

also required to give way to vehicles, if any, approaching from his right coming south on Thirteenth street. If the plaintiff was not seen before he was in front of the automobile, it does not prove that the defendant was not keeping a proper lookout. To so hold is to hold that a driver must look constantly in every direction at one and the same time—a manifest impossibility. Upon any theory of the case the plaintiff had appeared in the zone of danger a mere instant before he was struck. The situation of the plaintiff was not that of one standing in the street who was struck by an automobile. It appears from the testimony of the plaintiff himself that he moved into the zone of danger from a point of safety, and the fact that the defendant, the driver of the automobile, did not see him at that particular instant does not charge the driver with negligence under all the facts and circumstances.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the complaint upon the merits.