SCHMIDT, Respondent, vs. HEIM, Appellant.
SCHMIDT, by guardian *ad litem,* Respondent, vs. HEIM, Appellant.

*January 8—February 4, 1930.*

For the appellant there was a brief by *Rouiller & Dougherty,* attorneys, and *Thomas A. Byrne* of counsel, all of Milwaukee, and oral argument by *Mr. Byrne.*

*Lilian M. Kohlmetz* of Milwaukee, for the respondent.

CROWNHART, J. The appellant, driving a Ford car northeast on Forest Home avenue in Milwaukee, at about 2:30 p. m. July 13, 1927, turned south on Twenty-fifth avenue. About sixty feet south from Forest Home avenue, measured along the west curb of Twenty-fifth avenue, the little boy ran out toward the east from the west sidewalk, where he and two other children were at play, into the street directly in front of the course the appellant was pursuing in the middle of Twenty-fifth avenue going south. Directly north of where the boy ran into the avenue was a large closed car parked at the west curb of the avenue. The boy passed in front of this car about three feet, and appellant passed to the left of it about two feet.

Appellant turned into Twenty-fifth avenue from Forest Home avenue, going six or seven miles per hour, and increased his speed to about fifteen miles per hour at the time of the accident. Appellant claims he did not see the children playing on the sidewalk, but a witness produced in his behalf did see them playing there just before the accident, and she saw the boy run into the street and get hurt. The appellant turned his car to the east somewhat when he saw the boy coming into the street, and stopped in less than the length of his car. The child ran into the side of appellant's right front fender and fell backward, sustaining a broken leg.

There is not much dispute in the evidence. The witnesses were all apparently honest and truthful. The trial court found that the appellant, by the exercise of ordinary care, could have seen the children as he proceeded down the street, and that he failed to exercise ordinary care in not seeing the children on the walk at play. The court also found "that there was an unobstructed view down the sidewalk to where the children were playing from the corner where defendant turned" into Twenty-fifth avenue. That was true, but at the time appellant made the turn he would

not naturally be looking in that direction. His attention would be directed to the course of his car, which was gradually swinging around from the northeast toward the south. The appellant had to turn at an acute angle from Forest Home avenue into Twenty-fifth avenue, and by the time he would ordinarily get his car in position to see down Twenty-fifth avenue he would be some distance into the avenue and where his vision in line with the children would be naturally obstructed by the parked car. Appellant was driving at a slow rate of speed, and there is nothing in the physical facts that discredits his testimony that he did not see the children at play, or that he did not see the little boy until he suddenly darted out from in front of the parked car. Upon seeing the child, appellant immediately applied his brakes and brought his car to a quick stop. It is difficult to see what else he could have done to avoid the accident. He did not run into the boy; on the contrary, the boy ran into the front fender of his car.

We conclude that the evidence does not establish negligence of the appellant to such a degree of certainty as to justify the finding of the trial court.

On account of the age of the child, it is not claimed that he was guilty of negligence contributing to his injury.

*By the Court.*—The judgments of the circuit court are reversed, with directions to dismiss the complaints.