DAUPLAISE, Appellant, vs. YELLOW TAXICAB COMPANY, Respondent.

*March 13—April 7, 1931.*

For the appellant there was a brief by *W. P. Crawford* of Superior, and oral argument by *Raymond A. Crawford.*

For the respondent there was a brief by *Hanitch, Hartley, Johnson & Fritschler* of Superior, and oral argument by *Clarence J. Hartley.*

NELSON, J. The plaintiff contends that the court erred in changing the answers of the jury and in ordering judgment for the defendant, for the reason that there was credible evidence to support the verdict as rendered.

It is the settled law of this state that where there is any credible evidence which, under any reasonable view, will admit of an inference either for or against the plaintiff, then the proper inference to be drawn therefrom is a question for the jury. Citing *Henry v. La Grou,* 200 Wis. 110, 227 N. W. 246; *Trautmann v. Charles Schefft & Sons Co.* 201 Wis. 113, 228 N. W. 741; *Reul v. Wisconsin N. W. R. Co.* 166 Wis. 128, 163 N. W. 189. In *Trautmann v. Charles Schefft & Sons Co., supra,* it was said (p. 115):

"The rule is well established that if the evidence is conflicting, or if the inferences to be drawn from the credible evidence are doubtful and uncertain, and there is any credible evidence which under any reasonable view will support or admit of an inference either for or against the claim or contention of any party, then the rule that the proper in-

ference to be drawn therefrom is a question for the jury should be firmly adhered to, and the court should not assume to answer such question either upon a motion for nonsuit or direction of verdict, or by substituting another answer after the verdict is returned."

It is also well settled that " 'the duty imposed upon a common carrier to provide for the safety of passengers is to exercise the highest degree of care reasonably to be expected from human vigilance and foresight, in view of the character of the conveyance adopted and consistent with the practical operation of the business.' " *Carson v. Green Cab Co.* 186 Wis. 566, 569, 570, 203 N. W. 394. See, also, *Anderson v. Yellow Cab Co.* 179 Wis. 300, 191 N. W. 748; *Scales v. Boynton Cab Co.* 198 Wis. 293, 223 N. W. 836.

The inquiry in this case is therefore limited to the narrow issue of whether there is any credible evidence which, under any reasonable view, will admit of inferences which may have been drawn by the jury in finding that the driver of the taxi was guilty of negligence in failing to maintain a proper lookout. After having carefully reviewed the evidence we entertain no doubt that, under all of the proven facts and circumstances, the jury was warranted in finding that the driver of the taxi did not maintain a proper lookout and that such failure was the proximate cause of the collision with the mule. The night was clear, the taxi lights were in perfect condition, the driver's vision was not in any manner interfered with. There was no other traffic on the highway and nothing to divert the driver's attention or to require him to look in a direction other than the direction in which he was traveling. His lights were of such intensity as to permit him to see ahead 150 to 200 feet and twenty-five feet to the side of the road. The driver testified that he did not see the mule until it jumped out of the ditch immediately in front of the taxi.

In this state of facts it seems clear that the jury was permitted reasonably to infer that at the time of the accident the

defendant was not maintaining a proper lookout. We think
that the jury was permitted to infer from the proven facts
and circumstances that if the driver had maintained a proper
lookout he would have seen the mule at the side of the road
for some considerable time before the collision. His failure
to see the mule until he hit it, under all of the circumstances,
was evidence which permitted the inference that he was not
maintaining a proper lookout. If the driver had observed
the mule at the side of the highway and had concluded that
no sudden movement of the mule was probable, and if, while
he was operating his taxi with due care, the mule had sud-
denly shied in front of the car, we would have an entirely
different situation to deal with. However, this is not the
situation here. *Tucker v. Carter* (Mo. App.) 211 S. W.
138. Nor is this case ruled by the doctrine of the cases
involving the sudden darting out of a child from the side-
walk or from behind an obstruction on a busy city street.
*Koperski v. Hoeft,* 179 Wis. 281, 191 N. W. 571; *Kammas
v. Karras,* 179 Wis. 12, 190 N. W. 849; *Schmidt v. Heim,*
200 Wis. 608, 229 N. W. 33.

In this case there is evidence to sustain the reasonable
inference that had the driver maintained a proper lookout
he would have seen the mule and, in the exercise of ordinary
care, could have so controlled his car as to avoid hitting it.
*Madden v. Peart,* 201 Wis. 259, 229 N. W. 57.

For the reasons stated, we think the trial court erred in
changing the answers of the jury and in rendering judgment
for the defendant. The plaintiff's motion for judgment on
the verdict as rendered should have been granted.

*By the Court.*—The judgment of the superior court of
Douglas county is reversed, with directions to grant the
plaintiff's motion for judgment on the verdict as rendered
in favor of the plaintiff and against the defendant, the
Yellow Taxicab Company.