VanLydegraf, by Guardian *ad litem,* and another, Appellants, vs. Scholz and another, Respondents.

*May 4—June 1, 1942.*

600

L. E. *Vaudreuil* of Kenosha, for the appellants.

For the respondents there was a brief by *Cavanagh, Stephenson & Mittelstaed* of Kenosha, and oral argument by *R. S. Stephenson*.

FOWLER, J.   The father of a six-year-old girl sues to recover as her guardian *ad litem* for her injuries and in his own behalf for his expenses in caring for them caused by her being struck by the automobile of defendant Scholz as she was crossing a street at an intersection.   The child was going north, the car west.   The child was struck shortly north of the center of the east-and-west street.   A car was parked on the south side of the east-and-west street a short distance east of the north-and-south crosswalk.   A third car traveling east was also crossing the intersection.   The jury found the defendant Scholz not negligent as to lookout or control of his car, but causally negligent as to speed.   Traffic at the intersection was controlled by lights, and the light was green as the defendant's car approached and entered the intersection.   The jury found the child causally negligent as to lookout and right of way, and found the comparative negligence of the child and the driver each fifty per cent.   The court upon this verdict dismissed the complaints.

The appellants' counsel contends that the court erred in not granting judgment to the plaintiffs because, (1) the child was of such age as to be incapable as matter of law of being guilty of negligence; (2) because the child had the right of way over said defendant's car; (3) because the child was incapable of comprehending the meaning of right of way and therefore could not be guilty of failing to yield it; and (4) because the

driver's negligence was causally greater than the child's as matter of law.

(1) In *DeGroot v. Van Akkeren,* 225 Wis. 105, 273 N. W. 725, and *Schmidt v. Riess,* 186 Wis. 574, 203 N. W. 362, we held that children aged five years and three months and six years and ten months, respectively, were not incapable of committing negligent acts as matter of law, and were properly found by the juries guilty of negligence. The plaintiff child was fifteen days under six years old when she was injured. The cases above cited rule the instant case on the point here under consideration.

(2) The traffic at the intersection was controlled by signal lights, green indicating "go" and red "stop." The light changed shortly before the defendant's car reached the intersection. The child was just past the middle of the east-and-west street when she was struck. The car was traveling twenty to twenty-five miles per hour. From these two facts the appellants contend that the car was going so much faster than the child that the child must have entered the intersection before the car entered it and she had the right of way over the car because she entered on the "go" sign. Sec. 85.44 (1), Stats., provides that drivers of vehicles shall yield the right of way to pedestrians crossing a highway on a crosswalk, except where the traffic is controlled by traffic officers or control signals. Sec. 85.44 (2) provides that at intersections where the traffic is controlled by signal lights, operators of vehicles shall yield the right of way to pedestrians who have started to cross on the "go" sign. Sec. 85.44 (4) provides that "every pedestrian crossing a highway at any point other than a marked or unmarked crosswalk shall yield the right of way to vehicles upon the highway." The testimony of the defendant driver was that the plaintiff child came out from behind and close to the parked car ten feet east of the crosswalk, that there was no one on the crosswalk, and that he could not see the children behind the car. Another witness testified that the child started

across the street from close behind the parked car and the car was parked twenty-five feet east of the intersection.

On this testimony the jury might well find that the child was crossing at a place other than the crosswalk and thereby forfeited any right of way that she might have had had she been on the crosswalk. If so, and the jury may properly have so believed, the jury properly found that the child was negligent for not yielding the right of way.

(3) That the child did not know of the statute or understand the meaning of the phrase "yielding the right of way" may be true, but that she did not know that she ought not to cross a street except at a crosswalk is quite another matter. The child's mother testified that she had given the child training as to crossing the street—to watch crossings and to wait until the cars had all gone by—and that the child was a thoughtful child. The child testified that "at school the teacher tells us what we should do when we come to a street where the cars go by. I have to look. If I see a car coming, I wait until the car goes by." This is all a child needs to know in order to be obligated to yield the right of way. We consider that the jury properly found that the child did not use ordinary care in that respect.

(4) The jury found the child causally negligent as to lookout and with respect to yielding the right of way and found the driver of the car not negligent as to lookout or management and control of his car after he saw the child but causally negligent as to speed. These findings are all supported by the evidence. We consider that under these findings and the evidence on which they were based, the jury was warranted in finding the child's negligence equal to that of the driver. In this situation the dismissals were proper under the comparative-negligence statute, sec. 331.045.

*By the Court.*—The judgment of the municipal court is affirmed.