VOLKMANN, by Guardian *ad litem,* and another, Appellants,
vs. FIDELITY & CASUALTY COMPANY OF NEW YORK
and others, Respondents.

*March 14—April 29, 1946.*

618

For the appellants there were briefs by *Milton T. Murray* and *Arlo McKinnon,* both of Milwaukee, and oral argument by *Mr. McKinnon.*

For the respondents there was a brief by *Bendinger, Hayes & Kluwin* of Milwaukee, and oral argument by *Gerald P. Hayes.*

BARLOW, J. The questions presented are whether, from the credible evidence, the court properly determined as a matter of law that the infant plaintiff was negligent in respect to

his manner of crossing the street, and that the comparative negligence attributable to the plaintiff was more than fifty per cent, contrary to the answers of the jury in the special verdict.

No claim of error is made on the admission of evidence or in the charge to the jury. The only claim by appellants is that the court erred in changing the answers to subdivisions (c) of questions 3 and 4, and in changing the answer to question 5 of the special verdict. Appellants do not question the negligence of the plaintiff as found by the jury, but argue that there is no credible evidence to warrant the court in finding plaintiff guilty of causal negligence, as a matter of law, in the manner in which he crossed the street. It is argued that the questions in subdivisions (c) of questions 3 and 4 are mere overlapping or duplicate findings of fact to other subdivisions of the same questions, and are not to be considered in determining the issue of comparative negligence, citing *Callaway v. Kryzen* (1938), 228 Wis. 53, 279 N. W. 702; *Guderyon v. Wisconsin Telephone Co.* (1942) 240 Wis. 215, 2 N. W. (2d) 242; *Saley v. Hardware Mut. Casualty Co.* (1945) 246 Wis. 647, 18 N. W. (2d) 342.

We have carefully examined the charge to the jury in an effort to determine what the court had in mind in submitting the question of negligence of the plaintiff in the manner in which he crossed the street. He probably had in mind the direction in which plaintiff ran, and possibly the speed at which he was traveling, but this is conjecture on our part, and no doubt the jury was at a loss to know what they were to consider in answering the particular questions, as they received no enlightenment from the instructions. Just what the court had in mind when he changed the answers to these questions was not made clear at the hearing on motions after verdict. Other claimed acts of negligence on the part of the plaintiff were questions of fact for the jury from the evidence, and while the questions submitted were proper for the jury to pass on, it is considered they were not submitted under sufficient instruc-

tions to permit them to fairly and intelligently answer them. The court considered these questions important, or he would not have submitted them.

With reference to question 5, where the jury found the amount of causal negligence attributable to the plaintiff to be ten per cent, we consider it was greater than the amount found by the jury and was considerable, but under all the facts in the case we cannot say the court was justified to find as a matter of law that it amounted to more than fifty per cent. The facts show that the plaintiff was bright, well-trained, and taught by his mother the dangers of crossing busy streets between intersections, as well as at intersections. As was said by this court in *Van Lydegraf v. Scholz* (1942), 240 Wis. 599, 602, 4 N. W. (2d) 121, "This is all a child needs to know in order to be obligated to yield the right of way." But at the same time, the defendant is held to a special degree of care when the safety of children is involved. *Ruka v. Zierer* (1928), 195 Wis. 285, 218 N. W. 358, and cases there cited. The defendant driver of the bus admits that by fully applying his brakes he could have stopped the bus before he struck the plaintiff, and that he did not sound his horn at any time. This is not a case of a child darting in front of defendant's bus when the bus was only a few feet from him. According to his own testimony the defendant driver saw the plaintiff enter the street when he was fifty feet away. The amount of causal negligence attributable to each party to an action must be such as is warranted by the competent evidence in the case. In order to determine this the jury must properly determine the negligence of each party under proper instructions, which we do not consider was done in this case.

*By the Court.*—Order and judgment reversed, and the record is remanded to the trial court for trial upon the issues of liability only, the damages to be governed by the stipulation of the parties.

RECTOR, J., took no part.

FAIRCHILD, J. (*concurring*). Reason exists for a new trial in this case because of the possible duplication of questions in the special verdict. The question criticized is not without meaning and under the charge of the court it may be said that it was capable of more than one interpretation.

The evidence shows a child at play and that he was failing to protect himself was known to the defendant. Under the doctrine of *Ruka v. Zierer* (1928), 195 Wis. 285, 218 N. W. 358, the proportion of negligence as fixed by the jury was warranted. It is only because the import and purpose of the criticized question is capable of being misunderstood that we can send the case back for a new trial in the interests of justice instead of remanding it for the purpose of reinstating the jury's answer to the proportion-of-negligence question and granting judgment to the plaintiff. If the doctrine of the *Ruka v. Zierer Case* does not obtain, and if the jury had been fully instructed, then the trial court was correct in changing the answer as to the proportion of negligence from ten per cent to fifty per cent.