VOLKMANN, by Guardian *ad litem,* and another, Appellants, vs. FIDELITY & CASUALTY COMPANY OF NEW YORK and others, Respondents.

*April 12—May 11, 1948.*

For the appellants there was a brief by *Arlo McKinnon,* and oral argument by *Arlo McKinnon* and *J. P. McKinnon,* both of Milwaukee.

For the respondents there was a brief by *Bendinger, Hayes & Kluwin* of Milwaukee, and oral argument by *Gerald P. Hayes.*

BARLOW, J.   Upon a prior hearing of this case, reported in 248 Wis. 615, 22 N. W. (2d) 660, the material facts are fully set forth and reference is made to them without restating them in this opinion.   A new trial was there ordered.   On

retrial the court answered the third question of the special verdict by finding as a matter of law that plaintiff was guilty of negligence in failing to yield the right of way to the defendant. The jury found plaintiff guilty of negligence in failing to keep a proper lookout, and then found that neither act of negligence was an efficient cause of the collision. Thus by its answers the jury found there was no negligence on the part of the plaintiff which was causal and found the defendant driver guilty of causal negligence in the management and control of his bus. In answering question No. 7, where the jury was requested to find the percentage of all negligence which was an efficient cause of the collision attributable to each party, the jury attributed fifteen per cent to the plaintiff and eighty-five per cent to the bus driver.

Appellants contend there was credible evidence to sustain the finding of the jury that the child's negligence was not a proximate cause of his injury and the court was therefore in error in granting a new trial. The trial court, in its memorandum opinion, points out that the duty imposed on the boy to yield the right of way between intersections was absolute and this boy was crossing the street between intersections. He was likewise charged with the duty of keeping a proper lookout in crossing the street, and the evidence is not in dispute that he failed to do so.

Appellants do not question the negligence of the boy in crossing the street in the manner in which he did, but argue the negligence of the defendant bus driver was the sole negligence that caused the accident. Appellant boy was seven years, four months, and eight days old at the time of the accident. As was stated in the former opinion he was bright, well trained, and knew the dangers of crossing busy streets between intersections. A boy of his age, training, and experience who blindly runs into a city street at a point other than at an intersection without looking where he is traveling and being in no position to yield the right of way to oncoming

traffic is guilty of causal negligence as a matter of law as held by the trial court. Respondents do not deny causal negligence on the part of the bus driver, nor do they deny the bus driver is held to the exercise of a high degree of care when the safety of children is involved. Thus we have appellant boy and respondent bus driver guilty of negligence which constituted an efficient cause of the collision, with the apportionment of the percentage attributable to each being a question of fact for the jury.

The court also found the verdict to be perverse by reason of the jury apportioning fifteen per cent of the negligence which was an efficient cause of the accident to appellant boy after finding by prior answers in the special verdict he was not guilty of causal negligence. In *Gilbertson v. Gmeinder* (1948), *ante,* p. 210, 216, 31 N. W. (2d) 160, on a similar verdict this court said:

"What was meant by these answers is in such doubt as to require a new trial."

We conclude the trial court properly granted a new trial.

Appellants argue this case has been tried twice in the lower court and has been before this court once before, that it is expensive to try these cases and there should be some manner in which it can be disposed of. We agree it is unfortunate that the expense of a third trial is necessary, but we find no way whereby the parties can be relieved of this unfortunate condition.

*By the Court.*—Order affirmed.