JOSÉ JUAN FIGUEROA, ETC., Plaintiff and Appellee, *v.* FRANK PICÓ AND GREAT AMERICAN INDEMNITY COMPANY, Defendants and Appellants.

No. 9643.  Argued November 15, 1948.—Decided November 26, 1948.

*R. Rivera Zayas, G. Rivera Cestero,* and *Milton F. Rúa,* for appellants.   *F. Hernández Vargas* for appellee.

MR. JUSTICE SNYDER delivered the opinion of the Court.

This is a suit for damages arising out of an automobile accident.   After a trial on the merits, the district court entered judgment for the plaintiff.   The defendants contend on appeal that the driver of the vehicle was not negligent and that the child who was injured was contributorily negligent.

The district court found the following facts: that at noon the chauffeur of Frank Picó, one of the defendants, was driving a panel delivery truck in Santurce on Borinquen Avenue from Barrio Obrero to Martín Peña at 20 miles an hour; that he did not reduce his speed when he came to Padre Berríos' School, at which José Juan Figueroa, who was then 5 years and 8 months old, was a pupil; that the chauffeur blew his horn, but at some distance from the school; that the street at this point is straight and broad with good visibility; that no other automobiles were passing when the accident occurred; that the children customarily came out of the school at noon to go to lunch; that the chauffeur, who had been driving past the school for a number of years, was familiar

with this custom; that José Juan Figueroa came out of school and ran across the street toward the opposite side of the street; that he had crossed more than half of the street and was almost across the street when he collided with the handle of the door of the truck; that the chauffeur continued driving for a few meters, but stopped when a woman shouted to him.

We accept these findings of fact, as there is testimony in the record supporting them. Based on these facts, the lower court concluded that the chauffeur ". . . there is no doubt, could have seen the child during all that distance, as there was nothing to prevent him from easily seeing the entire street; but he says that he did not see the child, that he felt a blow like a rubber ball hitting the side of the truck . . . Our conclusion is that the chauffeur of the defendant was driving carelessly and absent-mindedly, without observing the presence of the children who might cross the street . . . We conclude that if Enrique Oliveras Padilla [the chauffeur] had been driving the vehicle diligently, with the care, prudence and caution of a good father, he would have seen the child from the moment he began to cross the street, and would have been able to stop the truck in sufficient time and at an appropriate distance to avoid the accident, or have swerved the car, or done some other act, which he did not do, and have avoided causing so much damage to the plaintiff." We think the lower court was entitled to draw these conclusions from the facts it found.

■ "A child of tender years is not required to conform to the standard of behavior which it is reasonable to expect of an adult, but his conduct is to be judged by the standard of behavior to be expected from a child of like age, intelligence and experience." Restatement, Torts, § 283, Comment e, p. 743; *Hernández* v. *Acosta*, 64 P.R.R. 166, 175–76; *Castro* v. *González*, 58 P.R.R. 369; Annotation, 107 A.L.R. 4; Prosser on Torts, 36, pp. 229–31; Shulman, The Standard of Care Required by Children, 37 Yale L.J. 618; 95 U.Pa.L. Rev. 93.

■ In addition, there is a special obligation on the part of drivers of motors vehicles to be particularly careful in school areas. 2 Blashfield, Cyclopedia of Automobile Law and Practice, Perm. Ed., § 1500, p. 538; *Lampton* v. *Davis Standard Bread Co.*, 48 Cal. App. 116 (1920).

■ We assume that the child was contributorily negligent in running out into the street and colliding with the door handle of the truck. We make this assumption *arguendo* despite the lower standard of care which we have seen is applied to small children. But the driver knew that small children were coming out of this school at the time of the accident; he had a clear view; and he was driving only 20 miles an hour. Most important of all, he was driving on the extreme right toward the school while the child was crossing almost the entire width of this broad and straight street. He therefore had ample time as he approached the school to see the child running across the street.

The chauffeur was driving in a school area at noon. As we have seen, this required him to be particularly careful. He therefore cannot assert that, oblivious to his surroundings, he looked straight ahead and saw nothing. It was his duty under the circumstances to keep a lookout, not only straight ahead, but laterally ahead. See *Aronson* v. *Ricker*, 172 S.W. 641, 642 (Mo., 1915); *Holmes* v. *Missouri Pac. Ry. Co.*, 105 S.W. 624 (Mo., 1907). It is immaterial that he did not actually see the child. The latter crossed almost the entire width of a broad street of which the chauffeur had a clear view. He was therefore within the peripheral or lateral vision of the driver in ample time for the latter to avoid the accident. He cannot be heard to say he did not see the child, for if he had been looking carefully as he was required to do he would have seen him. *Hornbuckle* v. *McCarty*, 243 S.W. 327 (Mo., 1922); *Dashiell* v. *Moore*, 11 A. 2d 640 (Md., 1940); *Dauplaise* v. *Yellow Taxicab Co.*, 235 N.W. 771 (Wis., 1931).

This case is unlike *Heirs of Ortiz* v. *Ramírez*, 68 P.R.R. 462, where an adult pedestrian suddenly and without warning stepped into the path of a motor vehicle. Under those circumstances the doctrine of last clear chance could not be invoked. But here even if the child was guilty of contributory negligence, the chauffeur subsequently had a reasonable opportunity to avoid the accident. It is true the chauffeur did not see the child. But if he had exercised the extra care required by virtue of the fact that he was passing a school at noon, he would have seen him in time to avoid the accident. The doctrine of last clear chance therefore applies and makes the defendants liable. *Miranda* v. *Porto Rico Ry., Lt. & P. Co.*, 42 P.R.R. 694, affirmed in 62 F. 2d 479, cert. denied, 289 U. S. 731; *Heirs of Ortiz* v. *Ramírez, supra*, and cases cited.

█ The judgment was for $6,000, costs and $600 for attorney's fees. The only other error assigned is with reference to the award of attorney's fees. We find no basis for interference with the discretion of the lower court in this respect.

The judgment of the district court will be affirmed.