GENERAL ACCIDENT FIRE & LIFE ASSURANCE CORPORATION, LTD., Appellant, vs. COSGROVE, Respondent.

*March 10—April 5, 1950.*

For the appellant there was a brief by *Lines, Spooner & Quarles,* attorneys, and *Charles B. Quarles* of counsel, all of Milwaukee, and oral argument by *Charles B. Quarles.*

For the respondent there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Kenneth P. Grubb* and *Edmund W. Powell* of counsel, all of Milwaukee, and oral argument by *Mr. Grubb.*

HUGHES, J.   Both parties agree that the sole question in this case is whether damages flowed to appellant as a result of respondent's failure to settle the bill of exceptions. This is obviously a question of law properly disposed of on motion for summary judgment.

Appellant further concedes that it had the burden of satisfying the trial court that it sustained damages as a result of respondent's negligent conduct.   It contends that it has discharged such duty in this case and that the trial court should have recognized that fact and entered judgment for it.

Examination of the record in the original action is required.

The suit by Teofilo and his parents against Lubar and the appellant was for injuries to John Teofilo who was nine years of age at the time he was struck by the automobile driven by Lubar and insured by appellant.   The collision occurred in the daytime at a bridge on Highway 45 between Fond du Lac and Oshkosh, which spans a creek running into Lake Winnebago, which is immediately east of the highway.   The highway is twenty feet wide.   The bridge is thirty feet in length and consists of a ten-foot slab on either side of the highway with a metal rail on the outer edge of each slab.

As Lubar approached from the south John Teofilo and his brother were at the rail on the east end of the bridge. Their companion, a boy of about the same age, was at the west rail. He called attention to something in the creek and John Teofilo started across the bridge. He was struck by the Lubar automobile.

Upon the trial the respondent moved for a directed verdict in favor of his client, appellant here. This motion was denied.

The case was submitted to the jury upon a special verdict. It found Lubar free from negligence with respect to lookout, speed, and management and control. It found him negligent in failing to sound his horn as he approached the three boys upon the bridge. In its verdict the jury found the Teofilo boy negligent with respect to lookout and in failing to yield the right of way to the Lubar automobile. It apportioned the total causal negligence twenty-five per cent to Teofilo and seventy-five per cent to Lubar.

On motions after verdict the court refused to change any of the answers in the verdict or to grant judgment to the defendants notwithstanding the verdict.

Upon that state of the record the trial court held that there was no clear proof that the defendants would have been successful upon appeal of the former judgment and that therefore the appellant had failed to establish it had sustained damages through respondent's failure to settle the bill of exceptions and perfect its appeal. This appears to place a fairly heavy burden upon the plaintiff in this case, but, as pointed out by the trial court, the law is well established in the courts of this country. This burden plaintiff accepts.

The question then is: Was the negligence of John Teofilo so clearly equal to the negligence of Lubar as a matter of law that the trial court in the instant case had the duty of holding that the former case would have been reversed upon appeal?

Counsel for appellant cite a number of cases where adult pedestrians were involved, including *Ebel v. Rehorst* (1933),

212 Wis. 122, 248 N. W. 799, and *Hustad v. Evetts* (1939), 230 Wis. 292, 282 N. W. 595 (syllabus), in which it was held:

"The causal negligence of an intelligent, experienced milk deliveryman, stepping from the left side of his delivery truck directly into the path of an oncoming automobile about twenty feet away, without first looking for traffic, was as great as the causal negligence of the driver of the automobile as a matter of law."

Counsel also rely on *Crawley v. Hill* (1948), 253 Wis. 294, 34 N. W. (2d) 123. There an adult, in running across the highway, was struck by the Hill automobile and it was held that the pedestrian's negligence was equal to the driver's as a matter of law.

Respondent relies upon many cases where the child involved was about five years of age, too young to be chargeable with contributory negligence, as authority for the rule that automobile operators must exercise a high degree of care because of the presence of children. *Hanson v. Weber* (1940), 234 Wis. 593, 291 N. W. 800; *Zeise v. Deprey* (1948), 252 Wis. 316, 321, 322, 31 N. W. (2d) 523. In the latter case this court considered the enhanced duty of a driver in the presence of children and also the distinction between country and city driving. The court said:

"It is next contended that it should be held that the percentages established by the jury were grossly disproportionate. The case of *Volkmann v. Fidelity & Casualty Co.* 248 Wis. 615, 22 N. W. (2d) 660, is cited to this point. Quite a different case was there presented. There the child was two years older than Roger. Instead of a country road he was playing on a sidewalk in the vicinity of a busy city street. The driver of the vehicle which struck him was given comparatively short time to act because the boy darted into the street and ran diagonally across it. There the bus driver involved was carrying a large number of children on the bus and had a heavy responsibility to the passengers in his vehicle. *Even there* this court was unable to say as a matter of law that the boy was more negligent than the bus driver but the

circumstances above noted were considered to indicate that the jury had overrated the quality of defendant's negligence."

The *Volkmann Case* was later retried and sent back for a second new trial because of inconsistent answers in the verdict (252 Wis. 464, 32 N. W. (2d) 348), but it was recognized throughout that the comparison of the negligence of the boy and the bus driver was for the jury.

In the case of Teofilo vs. Lubar it is true the child was nine years of age instead of seven. However, Lubar saw him and the others at the bridge as he approached; it was in the country where the noise of his horn would have disturbed no one. Upon seeing the children Lubar was charged with the exercise of a high degree of care, *Ruka v. Zierer* (1928), 195 Wis. 285, 218 N. W. 358, and the jury was justified in concluding that he was guilty of considerable negligence in bearing down upon them, even at forty or fifty miles per hour, without sounding his horn.

Appellant also contends that since there was only one item of negligence found in the conduct of Lubar and two on the part of the child, the two must outweigh the one.

The same argument was made in *Zeise v. Deprey, supra,* where the jury found the boy guilty of negligent lookout and not in failing to yield right of way, and it was therefore contended that the comparison of negligence by the jury was out of balance since he failed to yield right of way as a matter of law. The court there said (p. 321):

"Following the reasoning of the *Van Lydegraf Case* it may be that technically there were two items of negligence on the part of Roger but since they both proceed from his failure to keep a lookout or to see the truck we cannot believe that the jury's finding is fatally inconsistent or that the percentages were prejudicially affected by failure to find negligence in respect of yielding the right of way."

The jury might well have considered that timely sounding of Lubar's horn would have attracted the boy's attention and caused him to both look and yield the right of way.

The trial court correctly held that appellant failed to prove it was damaged by respondent's failure to settle the bill of exceptions.

*By the Court.*—Judgment affirmed.