LUIS IVÁN QUIÑONES FERRER, ETC., Plaintiff and Appellant, *v.* ELADIO HERNÁNDEZ ROBLES ET AL., Defendants and Appellees.

No. 12243. Resubmitted June 21, 1961.—Decided June 30, 1961.

*F. Prieto-Azuar* for appellant.   *Córdova & González* and *Héctor Martínez Muñoz* for appellees.

MR. JUSTICE DÁVILA delivered the opinion of the Court.

There is no controversy as to the facts.   Appellee accepts the version of the accident as the same was described by appellant's witnesses.   On the afternoon of May 19, 1956 a group of five persons—an adult woman, a youngster 16 years old, and three children—were returning from the beach at the King's Court section in Santurce.   When they reached the intersection of McLeary Avenue and King's Court Street, the group stopped on the northern sidewalk of said avenue and waited for the traffic of vehicles to stop in order to cross the avenue.   As the lady was looking towards the east to make sure that no vehicles were approaching which prevented her from crossing, one of the children suddenly rushed onto the street for the purpose of crossing the avenue.   Unfortunately, in doing so he received the impact of the left-hand side of defendant's vehicle which, moving at a moderate speed, was traveling along McLeary Avenue from west to east, that is, along the lane opposite the one in front of which the group was standing.   The child fell to the pavement injured, and the vehicle stopped at a distance of 45 feet from the place of the accident after crossing the intersection at King's Court.

The trial court dismissed the complaint because it understood that there was no liability.   Plaintiff, appellant herein,

maintains that liability exists and in challenging the judgment appealed from assigns two errors.

## FIRST ERROR

"The trial court committed a serious and prejudicial error in dismissing the complaint and in deciding that the driver of the vehicle was not guilty of negligence as a proximate cause of the accident, despite the fact that it had concluded, as a question of fact, that the child was run over when said driver did not sound the claxon when approaching him; that said driver had within his view a group of small children who were ready to cross also, and that he did not slow down, stop, or swerve his course in order to avoid the accident."

## SECOND ERROR

"The trial court committed manifest error of law in not applying the doctrine of the last clear chance to the facts of the case."

In support of the first error plaintiff cites the case of *Álvarez* v. *Hernández*, 74 P.R.R. 460 (1953). This was a case in which after determining the existence of liability on the part of the owner of the vehicle involved in the accident, we emphasized the fact that "the child who was the victim of the accident was *playing* with other children on the sidewalk, *pushing each other*, immediately before rushing onto the street"; "besides, *the children, were* running and 'making noise' on the sidewalk"; "*they were not standing fixedly on the sidewalk nor under the custody or protection of an adult. They were playing, running, and pushing each other.*" (At 466, italics ours.) Based on the above-mentioned situation of facts we held that "the conduct and the movements of children on the sidewalk entailed a potentially dangerous situation" and that such conduct "implied that the driver could reasonably anticipate that one of the children might rush onto the street *as a result of their childish games.*" (Italics ours.)

It is obvious, therefore, that the situation of facts in *Álvarez* v. *Hernández*, is entirely different from that of the

case at bar. Here we have a group of three children, quietly standing on the sidewalk opposite to the lane whereon defendant's vehicle was traveling, guarded and protected by an adult lady and by a young girl 16 years old. As we said in the above-mentioned case of Álvarez at 468, "the fact itself that a child is standing fixedly on a sidewalk does not imply, generally, that the driver of an automobile has to stop or take any extraordinary precautions." We also stated that: "Negligence depends on risks and is the result of the failure to exercise the duty of acting carefully when facing a dangerous situation. If a specific dangerous conduct may be anticipated, this gives rise to the duty of acting carefully. The unavoidable accident doctrine requires in its application to cases as the one at bar, that the victim's conduct be unexpected. If said conduct could be reasonably anticipated and the driver of the vehicle has had the opportunity to control and drive the automobile in such a manner that the accident might have been avoided, this results in liability." (At 467.)

The *ratio decidendi* of the *Álvarez* case was then, the fact that "it was not the case of adults on a sidewalk, *or even of a child standing fixedly on the sidewalk. It was the case of children moving and pushing each other and the victim of the accident himself was running along the edge of the sidewalk.* Evidently, the situation was potentially dangerous and evidently the driver ought to have anticipated the probability that one of the children might rush onto the street." (At 469, italics ours.) It is entirely clear, therefore, that the doctrine established by this Court in the *Álvarez* case is applicable only to those cases where extreme and unusual situations occur, such as that which we had before us therein. From the very recital of the facts made therein, it appears that the fact that there are children quietly standing on a sidewalk is not to be considered as a dangerous situation, especially in the case of children who are watched

by adults.[1]  The fact that the warning signal was not used, does not alter the conclusion we have reached.  The obligation to make use of the warning signal was not clearly evident, since the avenue was broad and there was nothing to prevent the view of the approaching vehicles.  Besides, there was nothing to show that the child would leave his place of safety.  The first error was not committed.

By the second assignment of error appellant maintains that the trial court committed a manifest error when it did not apply the doctrine of the last clear chance.[2]

In *Figueroa* v. *Picó*, 69 P.R.R. 372 (1948), defendant's chauffeur was driving a vehicle on Borinquen Avenue in Barrio Obrero at 20 miles per hour in front of Padre Berríos School.  He did not reduce his speed when he came to said school, despite the fact that he knew that the children customarily came out of the school at noon to go to lunch.  The street at this point is straight and broad with a good visibility, since no automobiles were passing when the accident occurred.  The injured child, who was five years eight months old, ran across the street and collided with the door handle of the truck.  After stating that drivers of motor vehicles should be particularly careful in school areas, we stated the following in deciding the above-mentioned case of *Figueroa* v. *Picó:*

---

[1] In the present case there does not exist any of the circumstances which determined the existence of liability on defendant's part in *Alamo* v. *Garcia,* 76 P.R.R. 598 (1954), collision on the left-hand side of the street, in front of a school before the children had gone into class at a "rather considerable speed," or in *Freytes* v. *Municipality,* 80 P.R.R. 505 (1958), collision on the left-hand side, group of children playing ball on the sidewalk; or in *Díaz* v. *Stuckert Motor Co.,* 74 P.R.R. 486 (1953), movements by a minor which were a clear indication for the driver that the minor might rush onto the highway.

[2] The accident which caused the action filed in this case occurred before the effective date of the amendment of June 9, 1956 of § 1802 of the Civil Code which incorporated into our law the doctrine of compared negligence.  Hence, we discuss the defense of the last clear chance.

"We assume that the child was contributorily negligent in running out into the street and colliding with the door handle of the truck. We make this assumption *arguendo* despite the lower standard of care which we have seen is applied to small children. But the driver knew that small children were coming out of this school at the time of the accident; he had a clear view; and he was driving only 20 miles an hour. Most important of all, he was driving on the extreme right toward the school while the child was crossing almost the entire width of this broad and straight street. He therefore had ample time as he approached the school to see the child running across the street.

"The chauffeur was driving in a school area at noon. As we have seen, this required him to be particularly careful. He therefore cannot assert that, oblivious to his surroundings, he looked straight ahead and saw nothing. It was his duty under the circumstances to keep a lookout, not only straight ahead, but laterally ahead. See *Aronson* v. *Ricker*, 172 S.W. 641, 642 (Mo., 1915); *Holmes* v. *Missouri Pac. Ry. Co.*, 105 S.W 624 (Mo., 1907). It is immaterial that he did not actually see the child. The latter crossed almost the entire width of a broad street of which the chauffeur had a clear view. He was therefore within the peripheral or lateral vision of the driver in ample time for the latter to avoid the accident. He cannot be heard to say he did not see the child, for if he had been looking carefully as he was required to do he would have seen him. *Hornbuckle* v. *McCarty*, 243 S.W. 327 (Mo., 1922); *Dashiell* v. *Moore*, 11 A.2d 640 (Md., 1940); *Dauplaise* v. *Yellow Taxicab Co.*, 235 N.W. 771 (Wis., 1931)."

In deciding the case of Figueroa in the above-mentioned manner we agreed with the conclusion of the trial court in the sense that, since it was a school area, which required the driver of a vehicle to exercise greater amount of care, the latter had been negligent in failing to maintain the necessary vigilance to avoid the accident. Naturally, as we stated in *Heirs of Ortiz* v. *Ramírez*, 68 P.R.R. 462, 469 (1948), and reaffirmed in *Ortiz* v. *P. R. Transportation Authority*, 80 P.R.R. 227 (1958), the doctrine of the last clear chance "presupposes a perilous situation created or

existing through the negligence of both the plaintiff and the defendant, but assumes that there was a time after such negligence had occurred when the defendant could, and the plaintiff could not by the use of means available, avoid the accident. It is not applicable if the emergency is so sudden that there is no time to avoid the collision, for the defendant is not required to act instantaneously."

In the *Figueroa* case, *supra*, the conclusion reached by the trial court and with which this Court agreed on appeal, was that the driver had had a reasonable opportunity to avoid the accident. However, if we compare the facts of the case at bar with those of the *Figueroa* case, we immediately notice that there is a decisive and fundamental difference between them. The vehicle involved in the accident which gave rise to the present case was not, at the time of the accident, on an area of such a nature as to force the driver to be more careful than what is expected of a normally prudent person. The trial court, after weighing the facts reached the conclusion that the driver in the present case was not guilty of negligence, a conclusion with which, in view of the above-mentioned reasons, we are entirely agreed.[3] We only have to add that in the absence of negligent conduct on the part of the conductor, the doctrine of last clear chance is inapplicable. *Heirs of Ortiz* v. *Ramírez, supra; Ortiz* v. *P. R. Transportation Authority, supra.*

The judgment is affirmed.

---

[3] To hold the contrary before a situation of facts such as that presented in the case at bar is practically tantamount to adopt in this jurisdiction the rule on faultless liability to govern every case of traffic accident wherein a child who unexpectedly rushes onto a street is injured. See to this effect *Matos* v. *Pabón,* 63 P.R.R. 855 (1944), where we stated: "But for us to uphold the judgment herein would be in effect to create a rule of liability without fault in automobile accident cases. Some have urged the establishment of that rule by legislation, coupling it with compulsory insurance. Perhaps the day will come when our legislature will take that step. Meanwhile, we cannot permit a judgment to stand which is not supported by evidence of negligence on the part of the defendants."