RUKA, by guardian *ad litem,* Appellant, vs. ZIERER, Respondent.

*February 8—March 6, 1928.*

*Automobiles: Degree of care required of operator where children are concerned: Instructions: Contributory negligence of five-year-old child.*

1. One who operates an automobile upon the public streets is held to a special degree of care where the safety of children is involved; for, while an automobile is not a dangerous instrumentality, its operation on the streets constitutes an artificial peril to the safety of children there present. pp. 290, 291.
2. Although the court in its instructions told the jury that it was the duty of the defendant to exercise ordinary care, without mention of the rule imposing a high degree of care on those operating automobiles on streets in the presence of children, requested instructions that the defendant was required to keep a proper lookout after observing the children should have been given. p. 292.
3. The question of the defendant's negligence is *held* not to have been properly submitted to the jury, in view of the general tone of the court's charge, which left the impression that the court considered defendant to have been in the exercise of due care. p. 292.
4. A boy five years and three months of age is conclusively presumed to be incapable of contributory negligence; and even though he is capable of contributory negligence, the plaintiff in this case, since he was absorbed in play, was exonerated under the rule that preoccupation minimizes the degree of care required. p. 293.

APPEAL from a judgment of the circuit court for Price county: G. N. RISJORD, Circuit Judge. *Reversed.*

Action by *Leonard Ruka* against *Louis Zierer* to recover damages for personal injuries resulting from an automobile accident. From a judgment in favor of the defendant the plaintiff appealed.

Shortly before 1 o'clock on December 3, 1925, the plaintiff, a boy then of the age of five years and three months, together with six or eight other children, was on his way to school, walking on the east side of Avon avenue, a street running north and south in the city of Phillips. The defendant was driving his automobile north on Avon avenue. The street was unpaved. The defendant was driving his automobile in a track which had been made by the passage of automobiles, the ruts of which were about five inches deep. It was "a little sloppy and slushy—some ice and some snow," and, accordingly, slippery. There were no chains on the automobile. Immediately to the left of this beaten track was a rough, irregular ridge of earth resulting from the filling in of a sewer which had been recently dug parallel with and in the middle of the street. Defendant saw these children when he was 200 feet distant from them. According to his own testimony, he noted that they were "monkeying and playing around." The defendant was driving at about fifteen miles an hour. He gave no warning of his approach. He kept no watch of the children. Presently the plaintiff ran from the sidewalk or boulevard upon which he was playing in a diagonal (northwesterly) direction across the street. Defendant testified that he did not see the boy until the boy reached the right-hand rut of the track in which he was driving his automobile. At that time he was thirty feet distant from the boy. He did not sound the horn or apply the brakes, but, in an effort to avoid striking the boy, he turned his automobile to the left up onto this irregular ridge of dirt which was about two feet high. The right-hand

fender of his automobile struck the boy, resulting in personal injuries.

The jury returned a special verdict in which they found that the defendant did not fail to exercise ordinary care in the driving and operation of the automobile at or immediately before the accident, and that he did not fail to exercise ordinary care in not honking his horn after he saw the *Ruka* boy running across the street, and that the plaintiff failed to exercise ordinary care for his safety, which contributed proximately to produce his injuries. Damages were assessed at $1,000. Upon this verdict judgment was rendered in favor of the defendant. The plaintiff brings this appeal.

For the appellant there were briefs by *H. J. Blanchard,* attorney, and *W. K. Parkinson,* of counsel, both of Phillips, and oral argument by *Mr. Parkinson.*

*J. A. De Bardeleben* of Phillips, for the respondent.

OWEN, J. The appellant contends that the defendant was guilty of negligence as a matter of law. Our subsequent discussion will show that this is a rather close question, but we are disposed to hold that the question of the defendant's negligence was one for the jury under proper instructions.

Appellant assigns as error the refusal of the court to grant plaintiff a new trial: (a) on account of erroneous and prejudicial instructions given the jury with reference to questions pertaining to negligence on the part of defendant and contributory negligence on the part of the infant plaintiff, and (b) in refusal to give instructions requested by plaintiff pertaining to such questions. Upon the subject of defendant's negligence the court charged the jury as follows:

"It appears that the boy ran across the street and got in front of the defendant's automobile. The defendant says on the stand that he did not see the boy until he was in the street about to cross, and that he was then somewhere around thirty feet away from him and that he turned his

car to the left to avoid striking the boy. He says that he drove his car at a speed of fifteen miles an hour, or less, as he approached the place where the accident occurred. On behalf of the defendant it is contended that the defendant did not fail to exercise ordinary care in that respect and that he did exercise such care as a man of ordinary prudence usually exercises in a like or similar case under like or similar circumstances.

"Now, you will understand and are instructed that it was the defendant's duty to exercise ordinary care to avoid striking the boy with the automobile, and that it was his duty to exercise ordinary care to keep a lookout in front of him to observe persons, including children, that might be or come upon the street in front of him in the path in which he was coming. He was not bound to keep looking straight ahead necessarily, but was bound to exercise ordinary care in that respect.

"But you will understand and are instructed that the exercise of ordinary care on the defendant's part is all that is required. What is and what is not ordinary care depends upon the circumstances under which the care is to be exercised. What may be ordinary care in one case may not be in another. As I have said, it all depends upon what conditions and circumstances exist at the time.

"You will understand and are instructed that it does not follow that because one is injured by being struck by an automobile that the driver of the automobile is necessarily negligent. Whether he is or is not negligent depends upon the circumstances under which the accident occurs."

"Now the third question reads: 'Did the defendant fail to exercise ordinary care in not honking his horn after he saw the *Ruka* boy running across the street?'

"It appears without any dispute the defendant did not sound his horn after he saw the *Ruka* boy crossing the street. He said he did not have time then to do so. You must decide from the evidence and the situation disclosed by the evidence whether the defendant failed to exercise ordinary care in not sounding the horn at that time. That is a question of fact to be determined from the evidence and needs no explanation. The question is, Should a person, situated as the defendant was there, when he saw the boy, in the exercise of ordinary care have sounded the horn? If you

find that such a person would have done that, you will answer the question 'Yes;' if not, you will answer it 'No.' It is not a question whether he should have sounded the horn when he saw the children there on the sidewalk near the street. The question is whether he should have sounded the horn after he saw the boy crossing the street."

The plaintiff requested the court to charge the jury as follows:

- "First. It is a matter of common knowledge that when a street is muddy and slushy that an automobile may be more readily stopped if the rear tires are equipped with chains than if they are not. The driver, *Zierer,* must be assumed to have knowledge of such facts, and he was obliged under the circumstances of this case to take that into consideration in maintaining a lookout and otherwise operating the automobile after he had observed the children in the street, so that in the exercise of ordinary care he might avoid an injury to any one of the children that might run upon or across the street.

"Second. It is a matter of common knowledge that children ordinarily use the streets as a playground, not confining themselves to the sidewalk, but occupying, or, at unexpected moments, running upon or across a part of the street used for automobiles and other vehicles. The same degree of intelligence and care to anticipate danger is not exacted from them as from adults. Children of immature age, such as *Leonard,* are not regarded as possessing the same mental capacity to understand and realize the dangers incident to the use of the public streets as are those whose minds the law regards as having matured. Such use of the streets by children the defendant *Zierer* must be assumed to have knowledge, and where their presence is known or can be observed, as in this case, a degree of care must be exercised on the part of the driver that is commensurate with the ordinary emergencies presented under such circumstances. The rate of speed does not necessarily determine the question of the exercise of ordinary care. What would be reasonable under one set of circumstances would not be in another where different circumstances prevailed.

"Third. There is no question but what the driver, *Zierer,* observed the children near the Petisch home, some on the

sidewalk, others on the grass on the boulevard, when he was 200 feet from the place where the accident occurred, and there is also no question but what the driver had a clear unobstructed view from the time when he first saw the children and that he could have seen the boy *Leonard* at the time he started to cross the street if he had looked. After first observing the children it was the duty of *Zierer* in the exercise of ordinary care, while he was approaching the place where the accident occurred, to keep a proper lookout so that he might observe if any of the children started to run across the street and thus get in the danger line of the course of the automobile.

"Fourth. Under the circumstances of this case it was the duty of the driver, *Zierer*, after first observing the children, in addition to keeping a proper lookout, to operate and manage his automobile so that in the exercise of ordinary care he could have stopped the same by applying the brakes or otherwise acted in time to avoid the accident."

This court has said many times that one who operates a dangerous instrumentality upon the public streets is held to a special degree of care where the safety of children is involved. *Busse v. Rogers,* 120 Wis. 443, 98 N. W. 219; *Kelly v. Southern Wis. R. Co.* 152 Wis. 328, 140 N. W. 60; *Harris v. Eastern Wis. R. & L. Co.* 152 Wis. 627, 140 N. W. 288; *Webster v. Corcoran Bros. Co.* 156 Wis. 576, 146 N. W. 815; *Kressine v. Janesville T. Co.* 175 Wis. 192, 184 N. W. 777. The principle of these cases is that "conservation of child life and safety, as to artificial perils, is one of such importance that ordinary care may well hold every one responsible for creating and maintaining a condition involving any such with reasonable ground for apprehending that children of tender years may probably be allured thereinto." *Kressine v. Janesville T. Co., supra,* at p. 196. While none of the foregoing cases involved an automobile being driven on the public streets, nevertheless the principle of those cases is plainly applicable, to the extent at least that a higher degree of care is required of an automobile driver to

protect the safety of children than that of adults. Although it has been held that an automobile is not a dangerous instrumentality (*Steffen v. McNaughton*, 142 Wis. 49, 124 N. W. 1016), its operation on a public street constitutes an artificial peril to the safety of children there present. Children of tender years do not possess the traits of deliberation, care, and caution. These are traits which are acquired by age. This is a law of nature. This fact cannot be ignored by those who operate dangerous agencies in the presence of children.

The defendant in this case saw these children playing upon the sidewalk when he was 200 feet distant. He was at once charged with a degree of responsibility for their safety from any damage resulting to them from the operation of his automobile. This responsibility did not extend to that of an insurer of their safety. But it did hold him to the exercise of a high degree of care. From that time their safety should have been the subject of his anxious solicitude until he had safely passed them. He was charged with a knowledge of childish traits. To hold him to an anticipation that some one of them, in the course of their play, might suddenly dart out into the street is not at all unreasonable. *Pisarek v. Singer T. M. Co.* 185 Wis. 92, 200 N. W. 675. But apparently he gave their presence no consideration. He did not sound the horn to warn them of his coming. Although there was nothing to divert his attention, he did not even maintain a lookout sufficient to apprise him of the fact that plaintiff had left the curb and was running into the street until the boy had reached the track in which he was driving. This was twenty-two and one-half feet distant from the curb. At that time the automobile was but thirty feet from the boy. It is not unreasonable to assume that had he discovered the boy when he was leaving the curb he would have been apprised of the impending danger when he was sixty feet from the place of the accident, thus giving him ample time to have stopped his automobile and prevented injury to

the boy.   It would not be unreasonable under such circumstances to exact of him a degree of care which would have enabled him to have stopped his automobile within a much less distance.

However, in the charge of the court to the jury they were not apprised of the degree of care which devolved upon the defendant under the circumstances.   They were told, of course, that it was the duty of the defendant to exercise ordinary care.   Ordinary care on the part of one crossing a railroad track requires that he look for oncoming trains. In the trial of a case involving a crossing accident, a mere statement to the jury that it was the duty of the pedestrian to exercise ordinary care, without including the duty to look for oncoming trains, would be utterly inadequate.   Common carriers must exercise ordinary care for the safety of their passengers.   But to constitute ordinary care, the care exercised must be of a very high degree.   A charge to the jury enjoining upon the carrier the exercise of ordinary care without stating that ordinary care on the part of the carrier meant a very high degree of care, would not be approved, especially in face of a request so to charge.   So in the instant case, while the court enjoined upon the defendant the exercise of ordinary care, he made no mention of the rule imposing upon all who operate dangerous agencies upon streets in the presence of children the high degree of care which the law requires of them.   The requested instructions did not go as far as they might in this direction, but they were certainly appropriate and should have been given.

As the case was submitted to the jury, all consideration of the care exercised by the defendant until the time he discovered the boy in front of his automobile was excluded. On the other hand, the general tone of the charge leaves the impression that the court considered the defendant to have been in the exercise of due care.   The court emphasizes the

fact that "the boy ran across the street and got in front of the defendant's automobile." "He was not bound to keep looking straight ahead necessarily." "You will understand and are instructed that it does not follow that because one is injured by being struck by an automobile that the driver of the automobile is necessarily negligent." We do not say that these expressions of the court in and of themselves constitute error or that they had no proper place in the charge. The striking thing about the charge is that such expressions tend to minimize the degree of care required of the defendant, while there is an entire absence of any countervailing expressions in favor of the plaintiff. Furthermore, the verdict as framed expressly excluded from the consideration of the jury the question of whether the defendant should have given any warning of his approach prior to the time he discovered the boy in front of his car. It is claimed that this question was consented to by plaintiff's counsel. If so, and this was the only error in the case, the judgment would probably not be reversed. However, as there must be a new trial, we suggest that the question of whether the defendant sounded his horn to warn the children of his approach had a most definite bearing upon the question of whether the defendant, under all the circumstances, was in the exercise of due care. It is apparent that the question of defendant's negligence was not properly submitted to the jury. This would make no difference if the finding of contributory negligence on the part of the boy could be sustained.

The boy was five years and three months of age. While it is held in a few jurisdictions that a child of that age is capable of contributory negligence, the overwhelming weight of authority is to the effect that a child of that age is conclusively presumed to be incapable of contributory negligence. See note in L. R. A. 1917 F, on p. 57. This rule meets with our entire approval, especially under the facts and

circumstances of this case.   This court has held that preoccupation in the discharge of duties on the part of adults minimizes the degree of care required in the absence of such diversion or preoccupation.   *Hodgson v. Wis. G. & E. Co.* 188 Wis. 341, 206 N. W. 191, and cases there cited.   Adults naturally become absorbed in their work.   It is just as natural and just as legitimate for children to become absorbed in play.   A child of five years who will not become absorbed in play is abnormal.   When this boy darted in front of defendant's automobile he was absorbed in play, and, even though he be capable of contributory negligence, the rule above referred to, which as applied to adults minimizes the degree of care required of them, should be sufficient to exonerate the boy of all negligence.

*By the Court.*—Judgment reversed, and cause remanded for a new trial.