SICHLING, by guardian *ad litem*, Respondent, vs. NASH MOTORS COMPANY and another, Appellants.
SICHLING, Respondent, vs. NASH MOTORS COMPANY and another, Appellants.

*October 15, 1931—February 9, 1932.*

18

20

For the appellants there were briefs by *Whaley & Paulsen* and *Kearney, Kearney & Koelbel,* all of Racine, and oral argument by *Martin R. Paulsen, Vilas H. Whaley, Thomas M. Kearney, Jr.,* and by *H. J. Mellum* of Kenosha.

For the respondents there were briefs by *Wilbershide & Baumblatt* of Racine, and oral argument by *L. P. Baumblatt* and *J. C. Wilbershide.*

The following opinion was filed November 10, 1931:

ROSENBERRY, C. J.    Counsel for the defendants met the issue presented on this appeal in a lawyerlike way by admitting that under the doctrine laid down in *McCoy v. Terhorst,* 188 Wis. 512, 205 N. W. 420, and since adhered to by this court, the order in question should be affirmed (1st) unless the evidence was not sufficient to sustain a verdict in favor of the plaintiff; or (2d) that the court in fact set aside the verdict of the jury upon a mistaken view of the law.    As there must be a new trial, we shall not discuss the sufficiency of the evidence any more than to say that there is evidence in the record which if believed by the jury would be sufficient to sustain a verdict under the well established rule.

Upon the other ground, it is urged that the trial court inserted the words, "and upon the further ground that the granting of a new trial to the plaintiffs will be in the interest of justice," for the purpose of sustaining the order under the rule established in the *McCoy Case, supra,* and that the verdict was in fact set aside because the court deemed the verdict inconsistent.    It must be apparent that the court was confused as to the effect of the verdict returned by the jury. While the jury found that the truck was proceeding at an

unwarrantable rate of speed, it found that that did not cause the accident. The verdict appears to us to be entirely consistent and to indicate that the jury was an unusually fair and intelligent one. We have frequently commented upon the highly discretionary character of an order granting a new trial in the interest of justice. The exercise of this discretion is the only thing that stands between the litigant and judgment upon an unjust verdict under our system of jurisprudence. If there is any credible evidence, although it may be against the great preponderance of the evidence and a jury has returned a verdict which has been approved by the trial court, the matter is closed and the verdict must be sustained whatever the views of this court may be in regard to its justness or the degree of support which is found in the evidence. As we have said before, trial judges should exercise this great power with caution and circumspection.

It is considered that we do not have here a case where the trial judge has sought to bolster up his order by adding the clause that the granting of a new trial is in the interest of justice. That implies a degree of misconduct on the part of a trial judge for which the record gives no support. If a trial judge sets aside a verdict for specific reasons, he should be willing to let the case stand or fall on that basis. He should not add other reasons which do not in fact exist, merely to support his order. He was quite evidently surprised by the verdict in this case, and in his opinion, in the interest of justice, a new trial should be had before another jury. Sitting here, viewing this matter in the light of a printed record, knowing as every judge and practicing lawyer knows of the many things which operate to affect a jury's determination in a given case, we cannot say and should not say that the judge in this case abused his discretion.

*By the Court.*—The order appealed from is affirmed.

A motion for a rehearing was denied, with $25 costs, on February 9, 1932.