BESSER, Respondent, vs. HILL and another, Appellants.

*February 9—March 9, 1937.*

212

For the appellants there was a brief by *Hughes & Anderson* of Superior, and oral argument by *R. E. Anderson*.
*Horatio V. Gard* of Superior, for the respondent.

WICKHEM, J. The accident happened in the city of Superior on December 14, 1935. Plaintiff was walking across North Fifth street in the middle of the block which is bounded on the east and west respectively by Hughitt and John avenues. It was about 5:30 in the afternoon and was dark, but the scene of the accident was a well-lighted business district, and it is undisputed that an unlighted car would be plainly visible for a distance of at least a block. When plaintiff was near the center of the street, he noticed a car proceeding west and waited for it to pass him. He then claims to have looked east and west, and seeing no other cars approaching, continued across the street and was struck by defendant's car, which was being driven in a westerly direction. Plaintiff testified that the first time he saw defendant's car was just before it struck him, that he heard the horn just as he was hit, and that, while the lights were burning immediately after the accident, they had not theretofore been lighted.

Defendant testified that he was driving at a lawful rate of speed; that he saw plaintiff when he was about fifteen feet to the east of him; that he immediately applied his brakes and sounded his horn; that the left side of his bumper struck the plaintiff, but that the car did not run over the plaintiff; that

his lights were on before and at the time of the accident. In this testimony he is, in general, corroborated by his wife and daughter and by one disinterested witness.

Defendant contends that the court erred in denying motion of defendants for a directed verdict and for judgment upon the verdict, and also that there was error in granting a new trial in the interests of justice.

The highly discretionary character of an order granting a new trial in the interests of justice has been pointed out by this court on numerous occasions. *Mellor v. Heggaton,* 205 Wis. 42, 236 N. W. 558; *Sichling v. Nash Motors Co.* 207 Wis. 16, 238 N. W. 843; *Larson v. Hanson,* 207 Wis. 485, 242 N. W. 184. Many things may happen during the course of a trial that are not matters of record but which may justify such intervention by the trial court, and this court has found abuse of discretion only in rare instances. The two principal situations in which such orders have been reversed are: (1) Where the record discloses that the order was based upon an erroneous view of the law by the trial court. *Crombie v. Powers,* 200 Wis. 299, 227 N. W. 278. (2) Where the verdict should have been directed for the party who prevailed with the jury. *Lange v. Olson,* 185 Wis. 657, 202 N. W. 361; *Schmidt v. Chicago & N. W. R. Co.* 191 Wis. 184, 210 N. W. 370; *Sichling v. Nash Motors Co., supra.*

Upon the undisputed evidence plaintiff was negligent in failing to comply with sec. 85.44 (4), Stats., which requires a pedestrian crossing a street at a point other than a crosswalk to yield the right of way to operators of motor vehicles. It is perfectly plain, upon his own testimony, that plaintiff did not do this. He was also negligent in failing to maintain a proper lookout. The defendant's car, whether its lights were in operation or not, was in plain view for a distance of at least a block, and plaintiff either did not look or did not see what was plainly visible.

There is no evidence to sustain a finding that defendant was negligent in the control and management of his car. It

is undisputed that he brought his car to a stop within four to six feet, and that it did not move beyond the point of impact. When it is considered that defendant, upon first seeing plaintiff, was entitled to rely to some extent upon plaintiff stopping and yielding the right of way, it is evident that there is no basis for a finding that defendant failed to exercise due care in stopping his car. There is no evidence that defendant was negligent in failing so to turn or maneuver his car as to avoid plaintiff.

With respect to lookout, defendant's testimony is to the effect that he was about fifteen or twenty feet to the east of plaintiff when he first saw him, and that plaintiff was about nine feet south of the point of impact at that time; that, when he sounded his horn, plaintiff started to run toward the path of his car. Plaintiff attacks this testimony as impossible or inherently improbable, in view of the distance that plaintiff would have to travel in order to be struck. There may be some merit in this claim, although it is usually dangerous to put too much reliance upon estimated distances and speeds in demonstrating physical impossibilities. The real difficulty is that, assuming defendant's testimony to be somewhat discredited in the above respect, plaintiff's cause is not advanced. He had the burden of proving a negligent lookout on defendant's part, and treating the defendant's testimony as a nullity does not meet this burden or furnish affirmative evidence of negligence on his part. We discover no evidence that would sustain a finding that defendant failed to keep a proper lookout, or, if he did, that this was a cause of plaintiff's injuries. Certainly the fact that plaintiff was struck cannot be treated as evidence of negligent lookout by defendant. He might have seen plaintiff, assumed that he would stop and yield the right of way, and failed for a second, on that account, to apply his brakes.

It remains to be considered whether there was a jury question whether defendant's lights were in operation before the accident. This calls for a brief review of the evidence bear-

ing upon this issue. Defendant and his daughter testified that the lights were burning continuously from the start of the trip until the accident. Defendant's wife testified that the lights were burning as they drove along Fifth street. A disinterested witness swore that they were in operation just prior to the accident. Two other witnesses stated that they did not see the collision, but were attracted by the sound of the impact, and that they then looked, and the lights were burning on defendant's car. In view of this rather overwhelming testimony, it becomes necessary to examine that of plaintiff which is relied upon to create a jury issue. He testified,—

". . . There was no lights turned on his automobile when it struck me. . . . I did not see any lights at all. After he struck me I saw a little reflection of a light, but not before."

On cross-examination plaintiff stated that:

"I did not see Mr. Hill's car at any time before I was struck. I saw the front part of it as I was struck. . . . The headlights were burning on the car after the accident. I saw that the headlights were burning on the car after the accident."

In rebuttal plaintiff testified:

"I saw a flash just before the time the machine struck me or soon after. . . . I saw no lights . . . until after I was struck."

While plaintiff's testimony does contain a single, isolated statement that there were no lights burning when he was struck, this is completely qualified by his testimony as a whole. He states that he did not see any lights; that he did not see defendant's car until the instant before impact; that he saw a flash of light just before or just after the car struck him; that he saw no lights until after he was struck. We are satisfied that this testimony does not rise above the dignity of conclusions or negative testimony, and, as such, it raised no jury issue. The proper maintenance of lights was a mat-

ter going to defendant's negligence, and upon this issue plaintiff had the burden of proof.   He failed as a matter of law to satisfy this burden by the production of the evidence above referred to.   The foregoing considerations require the conclusion that the trial court should have directed a verdict for defendant, and that it was error to grant a new trial either for the reason that the verdict was contrary to the evidence or in the interests of justice.

*By the Court.*—Order reversed, and cause remanded with directions to enter judgment upon the verdict.