HANSON and another, Respondents, vs. BINDER and another, Appellants.

*December 6, 1951—January 8, 1952.*

*D. J. Regan* of Milwaukee, for the appellants.

For the respondents there was a brief by *Robert D. Jones* and *William R. Glasow,* attorneys, and *Patrick T. Sheedy* of counsel, all of Milwaukee, and oral argument by *Mr. Jones.*

FAIRCHILD, J.    On this appeal we are concerned primarily with the validity of the order of the circuit court granting a new trial.  As to this question we are, as often happens, confronted by a situation where reasonable minds may differ; but as the general conduct of a trial is largely within the discretion of the presiding judge, acts, mistakes, and incidental events intervening, which unfairly influence the result, may warrant, if not require, a new trial in the interests of justice.

There is no question as to the presence of causal negligence on appellant's part; nor is there any question but that the respondent child ran out into the path of appellant's car.

The comparison of negligence fixing the percentages at sixty-two per cent as chargeable to the respondent and thirty-eight per cent as chargeable to the appellant was made without due appreciation of the difference in the ordinary care required of each party.

In granting the order for a new trial, it is apparent that the trial court was of the opinion that while no children had gathered to engage in play on the sidewalk or in the vicinity of the accident, there was evidence of importance in the matter of consideration by the jury as to whether or not a situation existed which placed upon appellant the responsibility of exercising a special degree of care with relation to the safety of children. We say this because it is apparent that the trial court concluded that there was evidence to the effect that the respondent was following the older boy, who crossed immediately in front of appellant's automobile without being seen by the appellant; and the respondent, who followed, was likewise unseen until after he had been struck by the left front corner of the car.

There was sufficient reason in the mind of the trial court, based upon evidence, to warrant a holding that there should be a re-examination of the circumstances which indicated that proper attention to the driving by the appellant would have enabled him to see the first boy and would have apprised him of the presence of children, thus calling up the duty of special care to avoid injury to one of them.

The trial court regarded the comparison of negligence as a jury question and did not attempt to take the matter of fixing the percentage of negligence out of the realm of the competence of the jury. He recognized that the appellant was not an insurer of the child. It appears in the evidence that while the child had not been specifically instructed at home or in school with relation to the danger of crossing streets, he had, however, not been permitted to do so except when accompanied by an older person.

What is ordinary care in the case of an adult, experienced driver is different from ordinary care on the part of a child so young that he has barely reached an age where he can be held to any standard of care whatever. The mere fact that, in this collision between the two, the jury found that

the child was more negligent than the adult demonstrated to the court's satisfaction that the jury did not appreciate that different standards of ordinary care apply to these different actors. There must be a comparison of negligence, but for the reasons set forth, we agree with the learned trial judge in holding that the interests of justice require a new trial. We cannot say under the circumstances that the court exceeded its authority or that there is an abuse of discretion. *Ruka v. Zierer,* 195 Wis. 285, 218 N. W. 358.

*By the Court.*—Order affirmed. Respondent to have his costs in this court, but the costs below to abide the event.

GEHL, J. (*dissenting*). The trial court properly determined that the issue of plaintiff's negligence was for the jury and that it was for the jury to compare his negligence with that of the defendant. The majority of this court agrees with that determination. The record does not disclose nor did the trial court find that anything occurred upon the trial which might have operated as an improper or prejudicial influence upon the jury. To that the majority also agrees. The trial court's memorandum opinion on the motion for a new trial indicates clearly that it was granted solely for the reason that it was felt that there had been an erroneous apportionment of the negligence and discloses that such result prompted it to grant the motion.

Our system grants to a litigant but one fair trial, and it does not contemplate that because the judge may feel that a different jury may find a result more nearly conforming to his idea of what the result should be he may give the unsuccessful litigant another try at it. It is not suggested by the trial court, nor does it appear from the record, that plaintiff did not have a fair trial. In fact, it is not claimed by plaintiff that he was denied it; nor has he suggested that there was any error which might otherwise have required or even permitted a new trial.

It is true, as plaintiff contends, that a motion for a new trial in the interest of justice is addressed to the sound discretion of the court. It is also true that "the exercise of this discretion is the only thing that stands between the litigant and judgment upon an unjust verdict under our system of jurisprudence." *Sichling v. Nash Motors Co.* 207 Wis. 16, 21, 238 N. W. 843. It is just as true, however, that in passing upon matters resting in discretion the court must exercise a legal discretion upon a correct view of the law, *Churchill v. Welsh,* 47 Wis. 39, 1 N. W. 398, and that "trial judges should exercise this great power with caution and circumspection," *Sichling v. Nash Motors Co.; supra,* whatever their views may be with regard to the desirability or undesirability of the verdict. The record and the reason assigned by the trial judge for granting a new trial in the interest of justice, that there had been an improper apportionment of negligence, disclose that the order was based upon an erroneous view of the law. *Besser v. Hill,* 224 Wis. 211, 271 N. W. 921.

We cannot, as a matter of law, apportion the negligence in this case, nor could the trial court have done so. We have held repeatedly that except in unusual cases, the matter of apportionment of negligence is peculiarly for the jury.

The comparative-negligence statute does not operate until there has been a finding of the violation of a duty by both actors. The jury considers the respective duties of the parties and the elements which affect those duties when it determines whether or not there has been a violation of duty. It is in the consideration of that question that the age and experience of the one or the other, or both, must be taken into account. Once it has been found that each has violated his duty and is guilty of causal negligence the element of age and experience drops out of the case, and there is then only the matter of determining whose act (already found to be a negligent one), contributed most to

the result. In other words, the comparison is to be made of the extent to which the act or failure of the respective parties contributed to produce the accident, not of their respective duties as they may be affected by their age, experience, or condition.

The very form of the question on comparative negligence submitted in this case, the form which is used quite generally in this state, indicates what is required of the jury. It does not inquire as to the duties of the participants and the extent to which their violations may have been affected by the degree of care required of them. The question is so framed as to inquire what percentage of all the negligence which caused the collision is attributable to each of them. It is not accompanied by a direction that in making the comparison the jury should have in mind the relative ages or experience of the parties; to so direct or instruct would be error. It might well be asked: Suppose that the plaintiff in this case had been an experienced adult, could we in such case say that the failure of the defendant to maintain a sufficient lookout contributed less to produce the accident? I think not.

We should not overlook the rights of the defendant merely because the victim of his relatively trivial violation is a young boy. Sympathy for the lad, which all of us feel, does not permit us to depart from the rule that the comparison of negligence is a matter peculiarly for the jury. Our experience has demonstrated that a similar feeling of sympathy quite often influences juries in their deliberations, and we may assume that if such feeling was present in this case, it certainly was not against the boy. And yet, the jury who saw the parties and witnesses, heard them, and observed other things which we are unable to observe, attributed sixty-two per cent of the causal negligence to plaintiff.

I am afraid that Judge BRAUN was motivated by an understandable feeling of sympathy for the boy, rather than by

any feeling that justice had miscarried or that he had not had a fair trial.

I would reverse the order of the trial court. I am authorized to state that Mr. Justice BROWN concurs in this dissent.