BRICE, by Guardian *ad litem,* and another, Respondents, vs. MILWAUKEE AUTOMOBILE INSURANCE COMPANY and another, Appellants.

*March 7—April 3, 1956.*

For the appellants there was a brief by *McCue & Regan* of Milwaukee, and *Evrard, Evrard, Duffy, Holman & Faulds* of Green Bay, and oral argument by *James R. Faulds.*

For the respondents there was a brief by *Reynolds, Bittner & Reynolds* of Green Bay, and oral argument by *Robert L. Bittner.*

CURRIE, J.    The defendants raise the following three issues on this appeal:

(1) There is no credible evidence to support the jury's finding of negligence as to lookout on the part of the defendant Beverly Reimer.

(2) The negligence of the plaintiff Dorothy Brice was equal to or greater than the negligence of Beverly Reimer.

(3) The trial court committed error in its instructions to the jury.

Miss Reimer testified that when she first saw the two little girls she was approximately 40 feet south of the south line of the intersection; that she took her foot off the accelerator but did not apply her brakes; and that after proceeding another 20 feet the two little girls darted directly in the path of her automobile and were struck by her car.

A Mrs. Harder testified that at the time of the accident and just prior thereto, she was driving an automobile north on Monroe avenue approaching the scene of the accident, and that the first thing that attracted her attention were the bodies of the two little girls flying up in the air when they were struck by the Reimer automobile. Mrs. Harder parked her own automobile at the east curb and hurried over to the Reimer automobile and discovered the body of Dorothy Brice lying under the left rear wheel of such car. The Reimer automobile was then facing parallel with the curb line of the street with its left wheels about two feet to the west of the center line.

A gentleman also hurried to the scene of the accident and assisted Mrs. Harder in removing Dorothy Brice from under the wheels. Mrs. Harder testified to overhearing a conversation which took place between such gentleman and Miss Reimer, the same being as follows: The gentleman asked Miss Reimer how it happened that her automobile struck the children and she replied that she was trying to get the attention of some man that worked for her father and was "calling and waving for him, when she heard the thud." The man referred to in this statement by Miss Reimer was one Norman Georgia, who was an employee of Miss Reimer's father. When Miss Reimer drove across the intersection of Monroe avenue and Doty street, Georgia was seated in the driver's seat of a truck belonging to Miss Reimer's father, which truck was facing in an easterly direction after having stopped for the arterial stop sign near the southwest corner of the intersection.

In determining on this appeal whether there is credible evidence to support the jury's verdict, it is only necessary to consider such testimony as sustains the finding attacked. *Olson v. Milwaukee Automobile Ins. Co.* (1954), 266 Wis. 106, 109, 62 N. W. (2d) 549, 63 N. W. (2d) 740; and *Sturm v. Simpson's Garment Co.* (1956), 271 Wis. 587, 590, 74 N. W. (2d) 137. The statement, which Mrs. Harder thus heard Miss Reimer make immediately following the accident, was an admission against interest. The jury were entitled to base their finding of negligence as to lookout on the part of Miss Reimer upon such admission and to disregard Miss Reimer's own testimony given at the trial as to lookout. Such an admission against interest constituted credible evidence which supported the jury's finding with respect to Miss Reimer being negligent as to lookout.

We next turn to the question of whether this court should hold as a matter of law that the plaintiff child's negligence

was equal to or greater than that of the defendant driver. The fact that the jury found the plaintiff child negligent in two respects, and the defendant driver in but one, does not establish that the finding of the jury attributing 35 per cent of the total negligence to the child and 65 per cent to the driver should have been set aside by the trial court. In the recent case of *Taylor v. Western Casualty & Surety Co.* (1955), 270 Wis. 408, 411, 71 N. W. (2d) 363, this court stated:

"The apportionment of negligence is the peculiar province of the jury. The degree of negligence attributable to a party is not to be measured by the character thereof *nor by the number* of respects in which he is found to have been at fault." (Emphasis supplied.)

The learned trial judge, in his memorandum decision, in which he passed upon defendants' motions after verdict, stated:

"If the plaintiff, Dorothy Brice, were an adult I would not hesitate a moment about setting aside this verdict and granting judgment for the defendant."

Counsel for the defendants urge that this demonstrates a mistaken view of the law on the part of the trial court. It is argued that once the jury finds an act or acts of contributory negligence on the part of a minor plaintiff of tender years, such negligence must be accorded the same weight by the jury in apportioning negligence as would be done in the case such child were an adult. With this we cannot agree. A jury in answering the comparative-negligence question in a special verdict is called upon to weigh negligence and not causative effect.

In *Hanson v. Binder* (1952), 260 Wis. 464, 50 N. W. (2d) 676, a child pedestrian was struck and injured by an automobile. The jury, by their special verdict, attributed a

greater percentage of the total aggregate negligence to the child than it did to the automobile driver. The trial court granted a new trial in the interest of justice on the ground that it was convinced that the jury had not properly taken into consideration the fact that a child of tender years is not held to the same degree of care as an adult. This court affirmed, and in its opinion stated (p. 467):

"What is ordinary care in the case of an adult, experienced driver is different from ordinary care on the part of a child so young that he has barely reached an age where he can be held to any standard of care whatever. The mere fact that, in this collision between the two, the jury found that the child was more negligent than the adult demonstrated to the court's satisfaction that the jury did not appreciate that different standards of ordinary care apply to these different actors."

The last point raised by defendants is that the trial court's instructions to the jury were prejudicial to defendants, because it is contended that the charge given overemphasized the difference in degree of care required of a child compared with that demanded of an adult. The portions of the charge objected to are as follows:

"In regard to the Fifth and Seventh questions relating to the negligence of Dorothy Brice, you will consider whether or not she was negligent as to her own safety. In making answer to those questions you will apply the following definition of negligence: The care required of a child of tender years depends upon his or her age, capacity, discretion, knowledge, and experience. Negligence upon the part of a child with respect to his or her own safety is a failure to exercise that degree of care that is ordinarily exercised by a child of the same age, capacity, discretion, knowledge, and experience under the same or similar circumstances.

"In determining whether or not a child was exercising the care that one his or her age, capacity, discretion, knowledge, and experience would exercise under the same or similar

circumstances, due consideration should be given to the child's instincts, for while the child may have the knowledge of an adult respecting dangerous acts, he or she may not have the prudence, discretion, or thoughtfulness to avoid the hazards or risks to which they expose him or her. It is important that you keep in mind the difference between the tests to be applied by you in determining whether the motor vehicle operator, Beverly Reimer, was negligent, and in determining whether Dorothy Brice was negligent. . . .

"Question number 7 inquires as to whether or not Dorothy Brice was negligent as to her own safety in respect to lookout immediately preceding the collision. In that connection you are instructed that it was her duty as she commenced to cross Monroe avenue to use such care with respect to lookout for the purpose of ascertaining and becoming timely aware of the presence, location, and movement of traffic on that street, as would be ordinarily exercised by a child of the same age, capacity, discretion, knowledge, and experience under the same or similar circumstances. . . .

"In connection with the Fifth question, which inquires as to whether or not Dorothy Brice was negligent in respect to yielding the right of way to the automobile driven by Beverly Reimer, I instruct you that every person crossing a street at any point other than a crosswalk shall yield the right of way to vehicles on the street. By 'right of way' is meant the right to immediate use of the highway or street.

"The fact that a minor child does not know the law of the state I have just stated or understand the meaning of the phrase 'yield the right of way' is not conclusive on the question of his or her negligence with respect to failing to yield the right of way. If a child is bright and has been taught by his or her parents of the dangers of crossing streets or highways and understands that he or she should stop or wait to let motor vehicles go by, that is all he or she needs to know in order to be obliged to yield the right of way. In making answer to this question, you will keep in mind the instructions that I have given with respect to the meaning of the word 'negligence' as it applies to Dorothy Brice."

We can perceive no error in the foregoing instructions and consider that they were in accord with rules laid down in

prior decisions of this court. The jury did answer the questions of contributory negligence against said plaintiff child. The only basis for the claim of prejudice on the part of defendants is that the jury also took such quoted instructions into effect in answering the comparative-negligence question. For reasons already set forth the jury might properly do so.

*By the Court.*—Judgment affirmed.