BELL, by Guardian *ad litem,* and another, Respondents, vs. DUESING and another, Appellants.

*January 10—February 5, 1957.*

For the appellants there was a brief by *Dougherty, Arnold & Philipp* of Milwaukee, and oral argument by *Suel O. Arnold.*

For the respondents there was a brief by *Murphy, Shapiro & Gorsky* of Milwaukee, and oral argument by *I. B. Shapiro.*

BROADFOOT, J.   It is the first claim of the defendants that the jury did not make a proper apportionment of the negligence. They contend that the negligence of the minor plaintiff was at least as great as that of the defendant as a matter of law and that the complaint should therefore be dismissed. In the alternative they contend that this court should grant a new trial because of the improper apportionment of negligence.

This court has stated that there may be cases where the circumstances are such that a court can properly rule as a matter of law that the negligence of one of the parties involved is equal to that of the other, but that such cases are extremely rare and the apportionment is almost always for the jury. The same argument made by the defendants has been made to this court upon many other occasions, particularly where the claim is made that the negligence of each party is of the same kind and character. The case of *Schmidt v. Leary,* 213 Wis. 587, 252 N. W. 151, involved adult drivers of two automobiles which collided at a highway intersection. In that case the jury found the plaintiff's driver, her husband, causally negligent as to speed, lookout, management and control, and with respect to entering the intersection against the stop light. The jury there found the defendant negligent as to speed, lookout, and management and control. It was contended that as a matter of law the plaintiff's driver was more negligent than the defendant driver. The court there said (p. 591) :

". . . while the three particulars in which the parties were found negligent are designated in the same way in the verdict, the degrees of the negligence of the parties in the several particulars may have differed widely, and the total negligence of the defendant may thus have exceeded that of the plaintiff's husband. The defendant's want of vigilance as to lookout may have been greater than that of plaintiff's husband; his speed may have been greater; his want of care

in controlling his car may have been greater; he may have entered the intersection last; he was approaching from plaintiff's left."

The case of *Hansberry v. Dunn,* 230 Wis. 626, 284 N. W. 556, also involved two adult drivers of motor vehicles. In that case the jury found the defendant causally negligent with respect to speed, lookout, management and control, and failure to yield one half the highway on meeting and passing the automobile driven by the plaintiff. Plaintiff was there found to have been causally negligent in precisely the same respects and no other. It was there argued that as each party was found causally negligent in the same respects the negligence of each was, as a matter of law, equal, and that the jury's finding that defendant was more negligent than the plaintiff should not be allowed to stand. In that case this court cited the *Schmidt Case, supra,* and quoted therefrom the same excerpt that appears above. In addition the court there said (p. 634):

"We are satisfied, however, that the court may not adopt a rule of thumb that will check off automatically lookout against lookout, control against control, etc., holding these items equal as a matter of law in every case."

In addition to the rule cited in those cases which has been consistently followed, we have cases where the jury has been called upon to apportion the negligence between an adult and a child. Such a case is *Hanson v. Binder,* 260 Wis. 464, 50 N. W. (2d) 676. That case involved a claim for damages against an adult driver on behalf of a minor who was five years, five months, and seventeen days old at the time of the accident. The minor was a pedestrian. The jury found the defendant was causally negligent with respect to lookout and that the infant was also causally negligent in the same respect and no other. The jury apportioned the negligence 62 per cent to the infant and 38 per cent to the defendant.

The trial court granted a new trial in the interests of justice. In that case we said (p. 467):

"What is ordinary care in the case of an adult, experienced driver is different from ordinary care on the part of a child so young that he has barely reached an age where he can be held to any standard of care whatever. The mere fact that, in this collision between the two, the jury found that the child was more negligent than the adult demonstrated to the court's satisfaction that the jury did not appreciate that different standards of ordinary care apply to these different actors. There must be a comparison of negligence, but for the reasons set forth, we agree with the learned trial judge in holding that the interests of justice require a new trial."

The effect of our statement in the *Hanson Case, supra,* was that in comparing negligence where one of the parties is an infant, that fact should be taken into consideration in apportioning the negligence. That case has been cited with approval in *Brice v. Milwaukee Automobile Ins. Co.* 272 Wis. 520, 76 N. W. (2d) 337, and in *Montalto v. Fond du Lac County,* 272 Wis. 552, 76 N. W. (2d) 279. Six months prior to the accident, because of her age, the little girl could not, as a matter of law, have been found negligent. The jury could consider that fact.

We cannot say that the minor and the adult driver were equally negligent as a matter of law in the present case. A jury question was presented and we must affirm the apportionment as made by the jury.

The defendants next contend that the trial court committed error in refusing to permit a police officer to testify to the location of a spot thought to be blood. We have thoroughly checked the record and it is apparent that no proper foundation has been laid to permit the witness to testify to the matters inquired about. This was admitted in effect by the attorney for the defendants when, after an offer

of proof in the absence of the jury, he made the following statement:

"Now, that is what I wanted. I wanted the court to have that in the absence of the jury, upon the basis not that we are contending for the moment that that blood spot represents the spot where the impact occurred but that the officer when he came to the site of the accident saw a blood spot and he took a measurement."

From the record we cannot say that the court committed error in refusing the proof offered.

The final contention of the defendants is that the trial court committed error in refusing the request of the defendants to submit to the jury the following question:

"Were the parents of the plaintiff, Christine Bell, negligent in permitting the plaintiff, Christine Bell, to be in West Hadley street?"

In drafting a special verdict the trial court must first consider the issues raised by the pleadings. He should then eliminate from the issues so raised those that are determined by the evidence on the trial by admissions, by uncontradicted proof, or by failure of proof. Only those remaining should go to the jury. No issue as to the negligence of the parents, either jointly or singly, was raised by the pleadings. The mother of Christine Bell was not a party to the action. Under the pleadings it would have been improper to submit a question inquiring as to the joint liability of the parents. Even though the question had been limited to the negligence of the father who was a party to the action, there is nothing in the record that would make that an issue in the case even though the matter had been properly pleaded. There is an entire failure of proof that the father of Christine Bell was negligent in any respect.

*By the Court.*—Judgment affirmed.