BAIR, by Guardian *ad litem,* and another, Respondents, v. STAATS and another, Appellants.

*March 8—April 5, 1960.*

For the appellants there was a brief and oral argument by *Frank L. Morrow* of Eau Claire.

For the respondents there was a brief by *Crocker, Herrick, Sigl & Goethel* of Eau Claire, and oral argument by *Kenneth L. Sigl.*

BROWN, J.   The complaint alleges that defendant Robert Staats negligently backed an automobile over the body of the plaintiff Emily Bair, inflicting personal injuries upon her.   Trial was to a jury which found, by a special verdict, that on June 17, 1958, the automobile operated by defendant Robert Staats struck or ran over Emily Bair; that Robert Staats was causally negligent as to lookout; that plaintiff Emily Bair was causally negligent in being in the path of the Staats automobile; that the causal negligences of Staats and Emily were 50 per cent each.   Medical expenses incurred by the father of Emily Bair are found at $866.   Emily's damages sustained by reason of her injuries were assessed at $2,000.

On motions after verdict the trial court granted plaintiffs' motion for a new trial on all issues because the verdict was contrary to law, contrary to the evidence, and in the interest of justice.   The defendants have appealed from this order.

The circumstances of the accident were:

The mother of Emily Bair took Emily with Emily's brother and a neighbor boy to a bathing beach at Lake Eau Claire.   They went to the beach by automobile and parked in the grassy parking area.   Mrs. Bair sat in her automobile keeping a casual lookout over her children while they were swimming.   Emily was six years and one month of age.   In

the same parking area the defendant Robert Staats, eighteen years of age, parked an automobile driven by Robert while he and his fifteen-year-old brother went swimming.

When the Bair children finished their swim and dressed, Robert Bair sat in the Bair car with Mrs. Bair and Emily amused herself in the grassy parking area until the neighbor boy was ready to go home. She was observed presumably picking strawberries in the vicinity of the Staats automobile. When the Staats boys finished their swim they entered their car and Robert Staats backed it 30 or 35 feet out of its parking position. He testified that he looked toward the rear before backing up and did not observe Emily until he had finished backing. At that time he looked ahead and found the Bair girl lying on the ground in the space over which Staats had just backed. The girl's leg was broken.

Appellants' first contention is that the verdict is not supported by the evidence because there is no testimony that the Staats car was ever in contact with the child's body. Sec. 263.26, Stats., disposes of this argument:

"ADMISSION BY NOT DENYING. Every material allegation of the complaint, and of a counterclaim not controverted as prescribed, shall, for the purposes of the action, be taken as true. . . ."

The complaint contains this very material allegation that:

". . . Robert Charles Staats, negligently backed the vehicle in question over her body causing the injury and damages hereinafter described."

The answer denies that Robert was negligent in operating his vehicle in specified respects but does not deny that he backed it over Emily's body. Therefore the fact that he did so is admitted and plaintiffs were not required to offer proof of the fact. *Topel v. Correz* (1956), 273 Wis. 611, 79 N. W. (2d) 253.

In order to be run over, the child must have been in the path of the backing automobile. Robert testified that he did not see the child until he saw her lying on the ground after he finished backing. His failure to see what was in his path supports the finding that Robert Staats was negligent in lookout and his negligence was a cause of the accident and the damages.

The trial court's dissatisfaction with the apportionment of negligence impelled the court to order a new trial, and the principal question on this appeal concerns the apportionment. In ordering the new trial the court wrote that the verdict was contrary to law, contrary to evidence, and a new trial would be in the interest of justice. The appellants submit that the trial court did not comply with sec. 270.49 (2), Stats.:

". . . No order granting a new trial in the interest of justice shall be valid or effective, unless the reasons that prompted the court to make such order are set forth in detail therein. . . ."

In a written decision granting the motion for new trial the court said:

"Subsections (a) and (d) of plaintiffs' fourth motion asking for a new trial on the grounds that the verdict is contrary to law and to the evidence and in the interest of justice are granted.

"The court is of the opinion that the jury did not understand the standard of care required of a child who was less than one month over six years of age at the time of the accident. *Shaske v. Hron* (1954), 266 Wis. 384."

The court then summarized the evidence as follows:

"Emily Bair was engaged in picking wild strawberries, or some other childish pursuit, in an area commonly used for parking automobiles adjacent to a public bathing beach. Three automobiles were parked in this lot for a considerable

time before the accident. Several young people had arrived in one of the automobiles and were apparently still swimming. Mrs. Bair was seated in her automobile, and the defendant Staats, immediately before the accident, had been seated in his automobile for three or four minutes waiting for a companion to come from the bathhouse. The jury apparently concluded that any observations made by Robert Staats to the rear of his car before he entered it were not sufficient at the time he started to back up. Both of the parents of Emily Bair testified that she had received training with respect to protecting herself from moving automobiles, but it is difficult to imagine a six-year-old child, preoccupied with her own entertainment, exercising much care or foresight by way of anticipating danger in an area such as the one at which this accident occurred."

Next the trial court cited *Hanson v. Binder* (1952), 260 Wis. 464, 467, 50 N. W. (2d) 676, as follows:

" 'What is ordinary care in the case of an adult, experienced driver is different from ordinary care on the part of a child so young that he has barely reached an age where he can be held to any standard of care whatever. The mere fact that, in this collision between the two, the jury found that the child was more negligent than the adult demonstrated to the court's satisfaction that the jury did not appreciate that different standards of ordinary care apply to these different actors.' "

The court also cited appropriately *Shaske v. Hron* (1954), 266 Wis. 384, 386, 63 N. W. (2d) 706; *Briese v. Maechtle* (1911), 146 Wis. 89, 130 N. W. 893; and *Bell v. Duesing* (1957), 275 Wis. 47, 80 N. W. (2d) 821.

We consider that the trial court carefully and thoroughly specified the reason which impelled the court to order the new trial. We wish we were always favored with reasons as clearly expressed as these. We may say that this court thoroughly agrees with them and if the trial court had not already reached that decision we would seriously consider

the use of our own discretionary power under sec. 251.09, Stats., to direct a new trial in the interest of justice. As we said in *Guptill v. Roemer* (1955), 269 Wis. 12, 20b, 68 N. W. (2d) 579, 69 N. W. (2d) 571:

"While this court exercises such discretionary power but sparingly, we deem this is a proper case in which so to do."

And also in *Schlag v. Chicago, M. & St. P. R. Co.* (1913), 152 Wis. 165, 169, 139 N. W. 756:

". . . this court is very loath to interfere with the discretion to grant new trials that is vested in circuit judges. It is a power that should be courageously and fearlessly exercised whenever a trial judge is convinced that to enter judgment on a verdict returned would result in a miscarriage of justice. It is very possible that this important power is used more sparingly than it should be. However this may be, it is only in a clear case of an abuse of discretion that this court will interfere."

"In cases where a new trial has been granted in the interests of justice under sec. 270.49 (2), Stats., this court does not look for evidence to sustain the jury findings, but it seeks to determine whether the trial court abused its discretion in ordering a new trial. It seeks reasons to sustain the finding of the trial judge." *McFarlin v. Hewitt* (1958), 5 Wis. (2d) 488, 493, 93 N. W. (2d) 445.

Under the circumstances shown by this record, it shocks us to hold a child of the age of six years, plus a few weeks, to an equal degree of care to be required of a youth of eighteen, old enough to be permitted by law to operate an automobile. While the apportionment of negligence is almost always for the jury, we consider that on this record a gross miscarriage of justice would result if this comparison of negligence is permitted to stand.

Appellants submit that the trial court was not justified in denying appellants' motion to make Emily's mother a party defendant so that the mother's negligence could be

compared with that of defendant driver. Appellants' appeal is only from the order granting a new trial and the suggestion of error in denying the motion to interplead is not within the issue of the appeal. Also, an order denying a motion by one who is already a party to an action to interplead some third party is not an appealable order. *State v. McDonald Lumber Co.* (1960), 9 Wis. (2d) 206, 100 N. W. (2d) 701; *Kimmel v. Kimmel* (1960), 9 Wis. (2d) 484, 101 N. W. (2d) 666. Unappealable intermediate orders may be reviewed upon appeals from judgments, sec. 274.34, Stats., but as yet no judgment exists from which to appeal.

The appellants also object to that part of the order granting a new trial which permits to be retried the question of the damages sustained by the two plaintiffs. The trial court gave its reason for that, too, as follows:

"The finding of the jury as to the damages sustained by Emily Bair are modest but not sufficiently low, standing alone, as would justify a new trial. However, in view of her extended period of complete disability, and the fact that her recovery was not complete at the time of the trial, a new trial is ordered as to all issues, including damages, and without costs to either party."

There is no abuse of discretion by the trial court in including the question of damages in the new trial. Reexamination at that time will permit more definite and certain evidence concerning the final result of the injuries and the consequent expense.

The accident took place on June 17, 1958. The trial was completed May 1, 1959. On August 14, 1959, the legislature enacted sec. 328.44, Stats., reading:

"It shall be conclusively presumed that an infant minor who has not reached the age of seven shall be incapable of being guilty of contributory negligence or of any negligence whatsoever."

Respondents urge us to instruct the trial court that upon the new trial there should be compliance with such sec. 328.44, Stats., since at the time of the accident Emily Bair was not yet seven years of age.

The statute in question is not merely procedural or remedial. By its conclusive presumption that an infant of less than seven years is incapable of contributory negligence or any negligence whatever, the legislature created substantive rights and obligations. Such enactments are construed to be effective only prospectively unless the language used by the legislature clearly shows that the legislature intended a retrospective effect. *Steffen v. Little* (1957), 2 Wis. (2d) 350, 86 N. W. (2d) 622. We construe sec. 328.44, Stats., inapplicable to the accident which occurred before the statute was enacted.

*By the Court.*—Order affirmed.