Rasmussen and wife, Appellants, v. Garthus and another, Respondents.*

*November 28, 1960—January 10, 1961.*

\* Motion for rehearing denied, with $25 costs, on March 7, 1961.

204

For the appellants there were briefs by *Frank L. Morrow* of Eau Claire, and *Burr Tarrant* of Whitehall, and oral argument by *Mr. Morrow*.

For the respondents there was a brief by *Fugina, Kostner & Ward* of Arcadia, and oral argument by *LaVern G. Kostner*.

BROADFOOT, J.   The plaintiffs are asking for a new trial because of errors during the trial and in the interest of justice. The principal errors alleged to have been committed have to do with the instructions given to the jury by the court.   Plaintiffs had requested the following instruction:

"In determining whether or not Barbara Rasmussen was exercising the care that one of her age, capacity, discretion, knowledge, and experience would exercise under the same or similar circumstances, due consideration should be given to the child's instincts, for while the child may have the knowledge of an adult respecting dangerous acts, she may not have the prudence, discretion, or thoughtfulness to avoid hazards or risks to which she is exposed.
"It is important that you keep in mind the difference between the tests to be applied by you in determining the negligence, if any, of Barbara Rasmussen who was riding a bicycle, and the negligence, if any, of Lillian Garthus who was operating an automobile."

The first paragraph thereof was taken from *Hanson v. Binder*, 260 Wis. 464, 50 N. W. (2d) 676, and approved in *Brice v. Milwaukee Automobile Ins. Co.* 272 Wis. 520, 76 N. W. (2d) 337.   The trial court wrote the word "covered" in the margin of the requested instruction and gave the following instruction:

"The evidence in this case establishes that Barbara Rasmussen, the deceased child of the plaintiffs, was thirteen years and eight months of age at the time of this accident and was in the eighth grade in school.   The standard of care required of Barbara Rasmussen at the time of this accident was such care as the great mass or majority of children of her age, intelligence, and experience, exercise under the same or similar circumstances."

In the *Hanson Case* the minor plaintiff was five years, five months, and seventeen days old at the time of the accident.

In the *Brice Case* the plaintiff was ten years and twenty-six days old, while in this case Barbara was thirteen years and eight months old and was in the eighth grade. The court should have given the requested instruction, particularly the part approved by us in the *Hanson* and *Brice Cases, supra.* The instruction given was minimal and barely adequate. If there was error, we hold that it was not prejudicial.

Other complaints are made about the instructions given to the jury. The principal complaint is that the instructions did not sufficiently direct the jury to keep in mind the difference in the degree of care required of a child as compared to the degree of care required of an adult. We have reviewed the instructions and find no prejudicial error therein in view of the circumstances revealed by the record.

Fault is found with the submission of question 5 and the fact that it was answered in the affirmative by the court. It is contended that Barbara was not making a left turn as she was proceeding from the north side of the highway to the south side thereof at a diagonal. She was turning from the north lane and intended to cross the south lane to the Rasmussen farm. This movement involved a left turn and there can be no objection to the question on that score nor to the fact that the trial court answered the question in the affirmative.

It is now claimed that the question, following one inquiring as to Barbara's negligence with respect to lookout, was duplicitous. Before submission to the jury the trial court handed the attorneys copies of the proposed special verdict. Counsel for the plaintiffs had this to say with reference to question 5:

"The plaintiff objects to the submission to the jury of the question number five, which inquires as to the negligence of Barbara Rasmussen with respect to the manner of making

a left turn. Further object to the court, if it submits said question, in answering the question 'Yes' as to the negligence of the deceased Barbara Rasmussen."

Nothing was said at that time about the question being duplicitous, although in motions after verdict that question was raised. Under the circumstances here present, we cannot find that the question was duplicitous. No authorities were cited and no extended argument was advanced in support of this contention. It is stated that Barbara's sole duty was to maintain a proper lookout.

Bicycle riders are operators of vehicles and by statute are subject to many of the same rules of the road as are the operators of motor vehicles. Among such rules are those governing left turns into a private path or driveway. Under the circumstances here present, due care on the part of Barbara required that she get in a proper position to make a left turn. That position would have been near the center line of this two-lane highway and parallel to it. From that point she could have made an efficient lookout and, more important, she could have been seen by the driver of the approaching automobile. Since she made her turn from near the north edge of the black-top from a point where the tractor and corn wagon obstructed her view and that of the approaching driver, the trial court was justified in finding as a matter of law that she was negligent with respect to the manner of making a left turn. No attack is made on the finding that she was negligent with respect to lookout.

At the conclusion of the trial and before the case was submitted to the jury, the defendants moved for a directed verdict dismissing the complaint upon the merits. This motion was denied by the trial court. The defendants have moved for a review of this ruling. Since there is ample credible evidence in the record to support the findings of the jury and there was no reversible error in the conduct of the

trial, the motion for review is of no importance. We have often indicated that trial courts would do well to reserve decision on motions for a directed verdict, at least in many instances, until after the issues have been submitted to the jury. Often the jury, by its findings, will effectually resolve the motion and in other instances it may save a new trial.

*By the Court.*—Judgment affirmed.

* Motion for rehearing denied, with $25 costs, on March 7, 1961.