KOHLER and another, Respondents, v. DUMKE and another, Appellants.

*March 6—April 4, 1961.*

For the appellants there was a brief by *O'Leary, Joyce & Goggin* of Neenah, and oral argument by *Daniel R. Goggin.*

For the respondents there was a brief and oral argument by *A. W. Ponath* of Appleton.

CURRIE, J. The following two questions are presented by this appeal:

(1) Is there any credible evidence to sustain the finding by the jury that Dumke was causally negligent with respect to lookout?

(2) If such question is resolved in the affirmative, was Gary's negligence at least equal to that of Dumke as a matter of law?

At the time of the accident Gary lacked one day of being six years old. He was on his way home from school, his home being but three blocks from the school. In order to reach such home it was necessary for him to cross Forest avenue which runs in an easterly and westerly direction. Gary was alone and had been walking along the sidewalk on the south side of such street when he attempted to cross the street in the middle of the block. A number of automobiles were parked rather closely together along the south curb.

Gary testified that he stepped out into the street from between two parked cars, saw Dumke's truck coming, and "froze." The next thing he remembers he was in the hospital. He was asked these questions and gave these answers thereto:

"*Q.* Did you see anything at all when you came from between these two cars, parked cars? *A.* I went a little ways, then I saw the truck coming.

"*Q.* And was that down the street some distance? *A.* Yes."

As a result of the accident both bones of Gary's left leg were fractured a short distance above the ankle.

Dumke at the time of the accident was operating his half-ton panel pickup truck in an easterly direction on Forest avenue. According to his version of the accident he had almost passed a private driveway when he caught a glimpse of a child coming around the corner of a car parked at the south curb. An instant later he heard a thud against the side of his truck. At the time he was traveling slowly and

brought his truck to an immediate stop in about the distance of 14 feet, or the length of the truck.

A police officer, who investigated the accident immediately afterward, was of the opinion that the point of impact between the truck and child occurred on the side of the truck's right front fender. This was because the truck was dirty and some of the dirt had been brushed off at such point, and there were no marks to the front of the truck. No skid marks appeared on the pavement.

It thus appears that there was a direct conflict in the testimony as to how the accident happened. The jury had the right to accept Gary's testimony as to how it occurred. Under Gary's account of the accident, he saw the truck when it was "some distance" away and then "froze" and remained standing on the same spot until struck. The jury could well have reasoned that, if Gary could have seen the truck when it was some distance away, Dumke should have seen Gary at the same time. Dumke knew that a school was close by and school children were likely to be in the vicinity. It is a close question as to whether Dumke, if he had seen Gary sooner, could have done anything to have avoided the accident. However, we agree with the learned trial court that this presented a jury question with respect to the causation issue.

If Gary had been an adult, we would have little difficulty in holding that his causal negligence, in stepping out into the traffic lane of the truck from between two parked cars without first making any attempt to make an observation as to whether he could do so with safety, was at least equal to the causal negligence of Dumke. Defendants' counsel urges that the law should be that, when once it has been determined that the two parties to an accident are negligent, then in resolving the comparative-negligence issue only the element of causation should be considered. This same argument was persuasively advanced by Mr. Justice GEHL in his

dissent in *Hanson v. Binder* (1952), 260 Wis. 464, 469, 50 N. W. (2d) 676, wherein he stated:

"The comparative-negligence statute does not operate until there has been a finding of the violation of a duty by both actors. The jury considers the respective duties of the parties and the elements which affect those duties when it determines whether or not there has been a violation of duty. It is in the consideration of that question that the age and experience of the one or the other, or both, must be taken into account. Once it has been found that each has violated his duty and is guilty of causal negligence the element of age and experience drops out of the case, and there is then only the matter of determining whose act (already found to be a negligent one), contributed most to the result. In other words, the comparison is to be made of the extent to which the act or failure of the respective parties contributed to produce the accident, not of their respective duties as they may be affected by their age, experience, or condition."

However, the majority of the court rejected such view and held that the age of a minor, in that case a boy approximately five and one-half years of age, should be taken into consideration in determining comparative negligence. Such view has been adhered to in *Brice v. Milwaukee Automobile Ins. Co.* (1956), 272 Wis. 520, 525, 76 N. W. (2d) 337; *Montalto v. Fond du Lac County* (1956), 272 Wis. 552, 565, 76 N. W. (2d) 279; and *Rasmussen v. Garthus* (1961), 12 Wis. (2d) 203, 207, 107 N. W. (2d) 264.

We deem it to be clear that the word *"negligence"* in the comparative-negligence statute, sec. 331.045, Stats.,[1] means

---

[1] Sec. 331.045 provides:

"Contributory negligence shall not bar recovery in an action by any person or his legal representative to recover damages for negligence resulting in death or in injury to person or property, if such negligence was not as great as the negligence of the person against whom recovery is sought, but any damages allowed shall be diminished in the proportion to the amount of negligence attributable to the person recovering."

*causal negligence.* The approved forms of special verdict which have been in use for many years by our trial courts in negligence cases have been framed on that theory. Therefore, in comparing the negligence of two or more persons, the jury is to consider both the elements of negligence and causation. However, this court has never attempted to lay down any formula for determining how much weight is to be accorded to the element of negligence and how much to that of causation in comparing causal negligence. Neither do we think it advisable now to attempt to do so. This is something that had best be left to the common sense of juries.

By court decision this court established the rule that a child under five and one-half years of age is incapable of either contributory or primary negligence. *Shaske v. Hron* (1954), 266 Wis. 384, 63 N. W. (2d) 706. Apparently public opinion must have considered that we had fixed such age limit too low, as evidenced by the fact that the 1959 legislature enacted sec. 328.44, Stats. This statute provides that a minor, who has not reached the age of seven years, shall be conclusively presumed to be incapable of being guilty of any negligence. Because a conclusive-presumption statute is substantive rather than procedural in nature, it has no application to the instant action which involves an accident which occurred prior to its enactment. However, such statute is indicative of a public policy, that a minor of the age that Gary was at the time of the occurrence of the instant action, is incapable of anything but a slight degree of negligence.

In view of the foregoing, the jury had the right to consider Gary's tender age in apportioning negligence, and this court is not inclined to disturb the apportionment so made.

*By the Court.*—Judgment affirmed.